In re Paula L. McCOLLAM, Debtor.

Thomas E. LeCROY, Plaintiff–Appellant,

v.

Paula L. McCOLLAM, Defendant–Appellee.

No. 90–5733.

United States Court of Appeals,
Eleventh Circuit.

March 9, 1992.

Thomas Allan Rice, Smolar, Roseman & Barnes, Atlanta, Ga., Theodore A. Jewell, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, Miami, Fla., for plaintiff-appellant.

Daniel L. Baskt, Leslie G. Cloyd, Ackerman, Bakst, Lauer & Scherer, West Palm Beach, Fla., for defendant-appellee.

Before DUBINA, Circuit Judge, and HENDERSON and CLARK *, Senior Circuit Judges.

CLARK, Senior Circuit Judge:

This case involves whether an asset (classified as an annuity) of a debtor qualifies as an exemption from creditor claims in bankruptcy under Fla.Stat. § 222.14. The Supreme Court of Florida has never addressed the specific issue presented here: whether an annuity contract which is established in lieu of a creditor paying a debtor a lump sum presently owed is exempt under this statute. Although the plain language of the statute appears to exempt all annuity contracts from creditor claims, our research reveals that courts in jurisdictions other than Florida have held that statutes similar to Fla.Stat. § 222.14 do not exempt annuity contracts established in settlement of a debt. Since this same issue could arise in a Florida court as a consequence of a levy or garnishment filed against a debtor, the issue is appropriate for resolution by Florida's highest court. Accordingly, we certify the question to the Supreme Court of Florida.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA PURSUANT TO ARTICLE 5, SECTION 3(b)(1) OF THE FLORIDA CONSTITUTION.

* *See* Rule 34–2(b) Rules of the U.S. Court of Appeals for the Eleventh Circuit.

TO THE SUPREME COURT OF FLORIDA AND ITS HONORABLE JUSTICES:

## I.  Statement of the Facts and Procedural Background

The facts in this case are undisputed. The debtor, McCollam, is a beneficiary/payee under an annuity contract purchased by Travelers Insurance Company ("Travelers") to provide payments in connection with a general release and settlement agreement entered into on July 9, 1985. The debtor, as survivor of her father, was awarded the contract as part of a settlement of her father's estate's wrongful death claim against National Car Rental System, Inc.; Maurice Elijah Moore, M.P.; and Travelers. Under the agreement, the debt obligation of Travelers is liquidated and discharged by the amount of each successive annuity payment.[1] As beneficiary and payee under the contract, McCollam is entitled to receive monthly payments of $1,320.00, subject to a 3% annual increase, ceasing upon her death or, if she dies before August 1, 2015, payable to her personal representative until August 1, 2015. In addition, McCollam receives five periodic lump sum payments beginning on November 18, 1988, with the last payment due on November 18, 2006.[2]

The objecting creditor, Thomas E. LeCroy, has a claim against the debtor arising from an automobile accident that occurred on July 16, 1987, two years after the subject annuity contract was established. The debtor, on her bankruptcy schedule B–4, has claimed an exemption for the annuity under Fla.Stat. § 222.14, which provides:

> The cash surrender values of life insurance policies issued upon the lives of citizens or residents of the state and *the proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process* in favor of any creditor of the person whose life is so insured or *of any creditor of the person who is the beneficiary of such annuity contract,* unless the insurance policy or annuity contract was effected for the benefit of

---

**1.** The "General Release and Settlement" provides:

> (6) TRAVELERS INSURANCE COMPANY a/k/a/ TRAVELERS INDEMNITY COMPANY shall at all times remain directly responsible for the payment of all sums and obligations contained within this Agreement. As security for said installment payments to BRENDA M. COOMBS [spouse of deceased], in her several capacities [on behalf of the minor children, including Paula McCollam], TRAVELERS INSURANCE COMPANY a/k/a/ TRAVELERS INDEMNITY COMPANY shall purchase an annuity contract from EXECUTIVE LIFE OF NEW YORK designating parties of the first part above as the beneficiaries under the annuity contracts applicable to this Settlement Agreement. TRAVELERS INSURANCE COMPANY a/k/a/ TRAVELERS INDEMNITY COMPANY, shall pay all premiums required by said annuity contracts. Payments made pursuant to such annuity contracts shall operate as a Pro tanto discharge of the periodic payment obligations set forth in the foregoing paragraphs. TRAVELERS INSURANCE COMPANY a/k/a/ TRAVELERS INDEMNITY COMPANY shall be the applicant and owner of the annuities. Parties of the first part may nominate and change beneficiaries.

**2.** Specifically, payment to Ms. McCollam, under the release and settlement, is as follows:

> The sum of $1,320.00 shall be paid each month, beginning as of August 1, 1985, and shall remain in the same amount for each subsequent payment, subject to a 3% annual increase, with all future monthly payments pursuant to this Settlement Agreement continuing thereafter, payable on the first day of each and every month throughout the life of PAULA COOMBS McCOLLAM. All payments shall cease upon the death of PAULA COOMBS McCOLLAM, except as to any sums which may have become delinquent. In the event of the death of PAULA COOMBS McCOLLAM prior to August 1, 2015, the payments in the amounts heretofore set forth and on the dates hereinabove mentioned, shall continue to be made to the Personal Representative of PAULA COOMBS McCOLLAM, or to such other persons designated by a competent court of record, said payments to continue until August 1, 2015.
>
> In addition to the above-described monthly sum, PAULA COOMBS McCOLLAM, shall receive five (5) lump sum payments as follows:
> 1. $25,000.00 on November 18, 1988
> 2. $50,000.00 on November 18, 1991
> 3. $75,000.00 on November 18, 1996
> 4. $100,000.00 on November 18, 2001
> 5. $250,000.00 on November 18, 2006

such creditor.[3]

The bankruptcy and district court concluded that the contract at issue was an annuity contract under the broad language of the statute, that McCollam was a resident of Florida, and that she was the beneficiary of the annuity contract. Both courts, therefore, held that McCollam's annuity was exempt and that LeCroy, as McCollam's creditor, could not attach, garnish, or serve process against McCollam's annuity.

## II. Reasons for Certification

■ The Florida statute, on its face, appears to exempt all annuity contracts from creditor claims in bankruptcy, regardless of the underlying obligations that the contracts represent. Appellant, however, presents a viable argument against such a literal interpretation of this statute. He argues that allowance of the exemption at issue here "leads the debtor to gloss over an asset: her claim against Travelers." Appellant reasons that without the existence of the original debt owed by Travelers to McCollam, there never would have been an annuity. The annuity, he continues, is merely a means to secure a steady stream of payments of a debt. Appellant emphasizes that while the debtor listed the annuity as an *exempt* asset, she did not list the debt from Travelers among her assets. He concludes that the debt owed to the debtor by Travelers is non-exempt property of McCollam's bankrupt estate. The fact that an annuity provides the schedule of payments for that debt does not, he argues, mean that the debt, the annuity, and the payments thereunder are exempt from the claims of the general unsecured creditors of the debtor's bankrupt estate.

The bankruptcy court's opinion in *In re Vincent R. Benedict*,[4] on which the district court in this case, 118 B.R. 129, relied, is factually similar to this case. There, an annuity was created pursuant to the terms of a personal injury structured settlement agreement. As to whether the settlement annuity was exempt under the Florida statute exempting the proceeds of annuity contracts, the bankruptcy court summarily reasoned:

> The fact that the debtor may have a claim against Merrill Lynch for the nonpayment does not change the result. Ordinarily, all claims, whether legal or equitable, are deemed property of the estate.... However, where the debtor has a right to exempt such property or claim from the estate, the trustee's right to succeed to that claim must give way.[5]

A Florida court may find the reasoning of the court in *In re Benedict* unpersuasive. Appellant states that the annuity paid by Travelers to McCollam is, in substance, settlement of a debt, merely structured as a stream of payments. The case is similar, in this respect, to *Matter of Young*,[6] in which the Fifth Circuit held that attorney's fees paid to the debtor in the form of an annuity were not exempt from the bankruptcy estate. The court reasoned that "[i]t is the substance of the arrangement rather than the label affixed to it that determines whether the payments are exempt...."[7] The court further determined that the payments in question were, in substance, accounts receivable, *i.e.*, installment payments of a debt, rather than an annuity. In so concluding, the court relied on the following language from *Commonwealth v. Beisel*,[8] in which the court reasoned that the "determining characteristic" of the payment structure of an "annuity":

> is that the annuitant has an interest only in the payments themselves and not in any principal fund or source from which they may be derived. The purchaser of

---

**3.** Fla.Stat. § 222.14 (emphasis added). Florida has opted out of the federal bankruptcy exemptions. Fla.Stat. § 222.20. Thus, Florida residents are subject to state law exemptions under the homestead protection of Fla. Const., Art. X, § 4. *In re Benedict,* 88 B.R. 387, 389 (Bankr. M.D.Fla.1988).

**4.** 88 B.R. 387 (Bankr.M.D.Fla.1988).

**5.** *Id.* at 390 (citation omitted).

**6.** 806 F.2d 1303 (5th Cir.1987).

**7.** *Id.* at 1307.

**8.** 338 Pa. 519, 13 A.2d 419 (1940).

an annuity surrenders all right and title in and to the money he pays for it. On the other hand, where a debtor agrees to pay his creditor in installments at regular intervals, the debt or principal sum itself is due to the creditor although payable only in the manner agreed upon; it is an account receivable in which he has a property interest. Therefore, installment payments of a debt, or payments of interest on a debt, do not constitute an annuity.[9]

Having found no Florida court decision that speaks to the issue in this case, we determine that it is appropriate for the highest court of Florida to determine whether the Florida Legislature intended that Ms. McCollam and others similarly situated have lifetime exemptions from levy or garnishment under this circumstance. That is, it is appropriate for the highest court of Florida to determine whether the intent of the legislature is to exempt from the claims of creditors in bankruptcy annuities in the nature of retirement instruments,[10] or all debts structured as annuities, including those that derive from personal injury settlements.

### III. Question To Be Certified To the Supreme Court of Florida

The following question is certified to the Supreme Court of Florida:

WHETHER, AS A MATTER OF LAW, AN ANNUITY CONTRACT WHICH IS ESTABLISHED IN LIEU OF A CREDITOR PAYING A DEBTOR A LUMP SUM PRESENTLY OWED IS EXEMPT FROM CREDITOR CLAIMS IN BANKRUPTCY UNDER FLA.STAT. § 222.14.

The record, along with the briefs of the parties, shall be transmitted to the Supreme Court of Florida.

CERTIFIED.

---

**9.** *Id.* at 521, 13 A.2d at 421.

**10.** *See* Webster's *Third New International Dictionary, Unabridged 1976,* which defines annuity as "a contract or agreement under which one or

more persons receive annuities in return for prior set payments made by themselves or another (as an employer) (bought an [annuity] to take care of his parents)."