In re Thomas Frank **DEES** and Ella Faye Dees, a/k/a Faye Prine Moss, Debtors.

Selwyn H. **TURNER, Jr.,** Trustee, Plaintiff,

v.

Thomas Frank **DEES** and Ella Faye Dees a/k/a Faye Prine Moss, Defendants.

Bankruptcy No. 91–12506. Adv. P. No. 92–1040.

United States Bankruptcy Court, S.D. Alabama.

Aug. 17, 1992.

Theodore L. Hall, Mobile, AL, for plaintiff.

Gary Alidor, Mobile, AL, for debtors Thomas F. Dees and Ella Faye Dees.

Denise Littleton, Mobile, AL, for Washington County State Bank.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the motion of the trustee, Selwyn H. Turner, Jr., for summary judgment to recover annuity payments from defendant, Ella Faye Dees, and the cross-motion of defendant, Ella Faye Dees, for summary judgment to have the same annuity payments declared exempt. Appearing before the Court were the plaintiff, Selwyn H. Turner, Jr., and his attorney, Theodore L. Hall; Gary Alidor, attorney for the Debtors, Thomas F. Dees and Ella Faye Dees; and Denise Littleton, attorney for Washington County State Bank. After due consideration of the pleadings, arguments of counsel and briefs subsequently filed, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Ella Faye Dees ("the defendant") is a beneficiary under an annuity contract purchased by Metropolitan Life Insurance. The defendant received the annuity as the result of a wrongful death settlement arising from the death of her former husband, Arthur B. Moss. The scheduled annuity provides a monthly payment of $1,140.00 and lump sum payments of $10,000.00 on July 15, 1991; $20,000.00 on July 15, 1996; $30,000.00 on July 15, 2001; $40,000.00 on July 15, 2006; and $50,000.00 on July 15, 2011. The annuity has no cash surrender value.

The defendant and her husband, Thomas F. Dees, filed a chapter 7 bankruptcy petition on November 27, 1991, listing a combined monthly income of $2,654.42; total assets of $15,211.00; and total liabilities of $89,499.46. The defendants claim the annuity payments comprise a spendthrift trust by virtue of the wrongful death settlement and therefore are exempt property. Selwyn H. Turner, Jr. ("the trustee") maintains the annuity payments are ordinary income and part of the defendants' bankruptcy estate.

### CONCLUSIONS OF LAW

■ The structured annuity benefits from the wrongful death settlement accruing to the defendant before, and after, the filing of the bankruptcy petition are property of the estate. The defendants argue the annuity payments comprise a spendthrift trust and therefore are not property of the bankruptcy estate. Alabama recognizes spendthrift trusts. Alabama Code § 19–3–1 (1990) provides that spendthrift trusts can be created for the maintenance of any "child, grandchild or other relation by blood or marriage." The annuity payments in this case are not funds held in trust for the maintenance of a relative, but are the result of a wrongful death settlement whereby an obligation was funded through the purchase of an annuity contract with periodic payments.

Another element denoting the annuity's non-spendthrift status is the lack of forfeiture language. The provisions of paragraph 3.05 of the Annuity Purchase Contract provide only that the benefits are nonassignable and that the benefits are "exempt from the claims of creditors to the maximum extent provided by law." There is no forfeiture clause terminating the benefits upon an attempted assignment. As such, the annuity payments do not constitute a spendthrift trust and are property of the estate.

"Property of the estate" is defined in 11 U.S.C. § 541(a), which provides in pertinent part:

> The commencement of a case ... creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> .    .    .    .    .
>
> (1) all legal or equitable interests of the debtor in property as of the commencement of the case ...
>
> .    .    .    .    .

(6) proceeds, product, offspring, rents or profits of or from property of the estate

...

The Eleventh Circuit Court of Appeals recently certified to the Supreme Court of Florida the question of whether a structured annuity in lieu of a lump sum wrongful death settlement is exempt property of the debtor's bankruptcy estate pursuant to Florida's exemption statutes. *In re McCollam*, 955 F.2d 678 (11th Cir.1992).[1] In so doing, the court of appeals acknowledged that annuity payments are property of the estate and subject to the exemption statutes of each State's statutes. Florida Statutes § 222.14 (1992) provides an exemption for cash surrender values for any annuity contract issued to Florida residents. The Alabama exemption statute which controls the annuity policy at issue in the instant case does not apply the cash surrender value as a limit to the exemption, but instead applies a set exemption of $250.00 to any annuity and then allows for judicial expansion of the exemption.

Pursuant to Alabama Code § 27–14–32 (1986), a $250.00 monthly exemption is allowed on an annuity contract. Annuity payments in excess of $250.00 per month shall be subject to garnishment unless the court views the excess as necessary for the reasonable requirements of the judgment debtor and his or her family. Alabama Code § 27–14–32(a)(3) (1986) provides:

> (3) If the total benefits presently due and payable to any annuitant under all annuity contracts under which he is an annuitant shall at any time exceed payment at the rate of $250.00 per month, then the court may order such annuitant to pay a judgment creditor or apply on the judgment, in installments, such portion of such benefits as to the court may appear just and proper, after due regard for the reasonable requirements of the judgment debtor and his family, if depen-

---

1. Subsequent to the rendering of this **Memorandum Opinion,** on January 28, 1993, the Supreme Court of Florida answered the question certified to it by the Eleventh Circuit Court of Appeals and held an annuity established from a wrongful death settlement was exempt from creditors claims in bankruptcy pursuant to Flor-

ida Statutes § 222.14. See *In re McCollam,* 612 So.2d 572 (Fla.1993). Accordingly, the Eleventh Circuit Court of Appeals responded to the supreme court's ruling and affirmed the lower courts' decisions. See *In re McCollam,* 986 F.2d 436 (11th Cir.1993).

dent upon him, as well as any payments required to be made by the annuitant to other creditors under prior court orders.

(emphasis added). The use of the word "may" indicates the discretion of the Court determines whether annuity benefits in excess of $250.00 a month are garnished or are necessary for the support of the debtor and his or her family.

Alabama courts have not published opinions providing guidance on the application of § 27–14–32(a). Therefore, it is at this Court's discretion that the trustee's motion for summary judgment is granted and the defendant's cross-motion for summary judgment is denied. A hearing is set for September 8, 1992, at 9:30 a.m. to determine the reasonable requirements of the defendant in accordance with Alabama Code § 27–14–32(a) to calculate the appropriate exemption.

### ORDER

In conformity with and pursuant to the **Memorandum Opinion** entered contemporaneously herewith, it is

**ORDERED, ADJUDGED and DECREED** that Selwyn H. Turner, Jr.'s Motion for Summary Judgment is **GRANTED;** and it is further

**ORDERED, ADJUDGED and DECREED** that Ella Faye Dees' Cross–Motion for Summary Judgment is **DENIED;** and it is further

**ORDERED, ADJUDGED and DECREED** that the annuity payments resulting from the wrongful death settlement are property of the debtors' bankruptcy estate, subject to any exemption provided by statute or allowed by Court order; and it is further

**ORDERED, ADJUDGED and DECREED** that in accordance with Alabama Code § 27–14–32 (1986), a hearing shall be set for September 8, 1992, at 9:30 a.m. to determine what portion of the current $1,140.00 per month is just and proper for the reasonable requirements of the debt-

ors' in excess of the statutorily allowed $250.00 per month annuity exemption.