986 F.2d 436
 In re Paula L. McCOLLAM, Debtor.
Thomas E. LeCROY, Plaintiff-Appellant,
v.
Paula L. McCOLLAM, Defendant-Appellee.
 No. 90-5733.
 United States Court of Appeals,
Eleventh Circuit.
 March 19, 1993.
 
 Thomas Allan Rice, Smolar, Roseman & Barnes, Atlanta, GA, Theodore A. Jewell, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Miami, FL, for plaintiff-appellant.
 Daniel L. Baskt, Leslie G. Cloyd, Ackerman, Bakst, Lauer & Scherer, West Palm Beach, FL, for defendant-appellee.
 Appeal from the United States District Court for the Southern District of Florida; Jose A. Gonzalez, Jr., Judge.
 Before DUBINA, Circuit Judge, and HENDERSON and CLARK, Senior Circuit Judges.
 CLARK, Senior Circuit Judge:
 
 
 1
 In our opinion published in 955 F.2d 678, we posed to the Supreme Court of Florida the following question:
 
 
 2
 WHETHER, AS A MATTER OF LAW, AN ANNUITY CONTRACT WHICH IS ESTABLISHED IN LIEU OF A CREDITOR PAYING A DEBTOR A LUMP SUM PRESENTLY OWED IS EXEMPT FROM CREDITOR CLAIMS IN BANKRUPTCY UNDER FLA.STAT. § 222.14.
 
 
 3
 On January 28, 1993, the Florida Supreme Court, 612 So.2d 572, 1993 WL 15591, 18 Fla.L.Week 581, answered our question by stating that such an annuity contract is exempt from creditor claims in bankruptcy under Fla.Stat. § 222.14. A copy of the Supreme Court decision is attached to this opinion.
 
 
 4
 Accordingly, the district court order of July 31, 1990 is AFFIRMED.
 
 APPENDIX
 Supreme Court of Florida
 
 5
 In re Paula L. McCollam, Debtor.
 
 
 6
 Thomas E. LeCroy, Plaintiff-Appellant,
 
 
 7
 v.
 
 
 8
 Paula L. McCollam, Defendant-Appellee.
 
 
 9
 No. 79495.
 
 
 10
 Feb. 1, 1993.
 
 
 11
 HARDING, Justice.
 
 
 12
 We have for review In re McCollam, 955 F.2d 678 (11th Cir.1992), in which the United States Court of Appeals for the Eleventh Circuit certified the following question of law:
 
 
 13
 WHETHER, AS A MATTER OF LAW, AN ANNUITY CONTRACT WHICH IS ESTABLISHED IN LIEU OF A CREDITOR PAYING A DEBTOR A LUMP SUM PRESENTLY OWED IS EXEMPT FROM CREDITOR CLAIMS IN BANKRUPTCY UNDER FLA.STAT. § 222.14.
 
 
 14
 We have jurisdiction pursuant to article V, section 3(b)(6) of the Florida Constitution. We hold that section 222.14, Florida Statutes (1989), exempts an annuity from creditor claims in bankruptcy.
 
 
 15
 Paula McCollam, the debtor, is the beneficiary/payee under an annuity contract purchased by Travelers Insurance Company (Travelers) to provide payments in connection with a general release and settlement agreement entered into on July 9, 1985. This contract was awarded to McCollam as part of a settlement for her father's estate's wrongful death claim against National Car Rental System, Inc.; Maurice Elijah Moore; and Travelers. Under the agreement, Travelers' debt obligation is liquidated and discharged by the amount of each successive annuity payment. McCollam is entitled to receive monthly payments of $1,320, subject to a 3% annual increase, ceasing upon her death or, if she dies before August 1, 2015, payable to her personal representative until August 1, 2015. In addition, she receives five periodic lump sum payments beginning on November 18, 1988, with the last payment due on November 18, 2006. However, the settlement provides that Travelers is to remain directly responsible for the payment of all sums and obligations under the agreement.
 
 
 16
 Thomas LeCroy, the objecting creditor, has a claim against McCollam arising from an automobile accident that occurred on July 16, 1987, two years after the annuity contract was established.
 
 
 17
 On July 11, 1989, McCollam filed a petition in bankruptcy, wherein she claimed an exemption for the annuity under section 222.14, which provides:
 
 
 18
 The cash surrender values of life insurance policies issued upon the lives of citizens or residents of the state and the proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any creditor of the person whose life is so insured or of any creditor of the person who is the beneficiary of such annuity contract, unless the insurance policy or annuity contract was effected for the benefit of such creditor.
 
 
 19
 The bankruptcy court and the federal district court concluded that the contract at issue was an annuity under the broad language of the statute, that McCollam was a resident of Florida, and that she was the beneficiary of the annuity contract. Therefore, both courts held that LeCroy could not attach, garnish, or serve process against McCollam's annuity. On appeal, the Eleventh Circuit Court of Appeals found that the Florida statute, on its face, appeared to exempt all annuity contracts from creditor claims in bankruptcy, regardless of the underlying obligations that the contract represents. However, the circuit court of appeals recognized that such a literal interpretation of the statute would permit McCollam to conceal her claim against Travelers as an asset. The circuit court, finding no Florida court decision that spoke to the issue in this case, certified the question for resolution by this Court.
 
 
 20
 LeCroy argues that a literal reading of section 222.14 will invite substantial abuses of the exemption statute through the funding of all manner of obligations by annuities. He urges this Court to focus on the existence of the underlying obligation rather than the payment structure of the annuity. In so doing, LeCroy points out that in this case McCollam is simply a party to a structured settlement wherein Travelers remains liable for all sums and obligations contained in the agreement, and that, as security for the installment payments, Travelers was required to purchase an annuity contract. LeCroy contends that without Travelers' underlying debt, McCollam would have no annuity that would be exempt from creditor claims. In accord with this position, LeCroy concedes that had McCollam taken the after-tax net proceeds of a lump sum settlement and purchased an annuity, she would have fulfilled the intention of section 222.14 and the annuity would be exempt.
 
 
 21
 When the language of a statute is clear and unambiguous and conveys a clear meaning, the statute must be given its plain and ordinary meaning. Streeter v. Sullivan, 509 So.2d 268 (Fla.1987); Holly v. Auld, 450 So.2d 217 (Fla.1984). Legislative history is irrelevant where the wording of a statute is clear. Maryland Casualty Co. v. Sutherland, 125 Fla. 282, 169 So. 679 (1936). This Court will not go behind the plain and ordinary meaning of the words used in the statute unless an unreasonable or ridiculous conclusion would result from a failure to do so. See Auld, 450 So.2d at 219.
 
 
 22
 Section 222.14 specifically provides that "proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any creditor." (Emphasis added.) Section 222.14 clearly exempts all annuity contracts from creditor claims. Thus, the relevant issue is the meaning of "annuity contracts" as used in section 222.14.
 
 
 23
 Because the legislature did not define "annuity contracts" in chapter 222, we look to other chapters of the Florida Statutes for guidance as to the meaning of the word. The term is included, without definition, in a number of statutes. See, e.g., §§ 61.076 (dissolution of marriage); 175.071, 175.201 (firefighters pension trust funds); 240.344 (community college retirement annuities); 627.464-.471, 627.601 (insurance). However, section 238.01(15), Florida Statutes (1989), defines annuity for the purposes of the retirement system for school teachers as: "annual payments for life derived as provided in this chapter from the accumulated contributions of a member. All annuities shall be paid in equal monthly installments."
 
 
 24
 Moreover, other courts have defined an annuity as " 'a yearly payment of a certain sum of money granted to another in fee for life or for years.... In its broader sense it designates a fixed sum ... payable periodically, at aliquot parts of a year, at stated intervals, and not necessarily annually.' " In re Gefen, 35 B.R. 368, 371 (Bankr.S.D.Fla.1984) (quoting In re Talbert, 15 B.R. 536, 537 (Bankr.W.D.La.1981)). In addition, the bankruptcy court in In re Howerton, 21 B.R. 621, 623 (Bankr.N.D.Tex.1982), distinguished an annuity as a form of investment which pays periodically during the life of the annuitant or during a term fixed by contract rather than on the occurrence of a future contingency, whereas, life insurance was defined as a promise to pay a certain sum on the death of the insured. Finally, Black's Law Dictionary 90 (6th ed. 1990), defines an annuity as "[a] right to receive fixed, periodic payments, either for life or for a term of years."
 
 
 25
 Using these definitions as a guide to the plain and ordinary meaning of annuity, we find that the contract at issue in this case is an annuity and therefore is exempt under section 222.14 from creditor claims. Moreover, had the legislature intended to limit the exemption to particular annuity contracts, it would have included such restrictive language when the statute was amended to include annuity contracts. See ch. 78-76, § 1, Laws of Fla.
 
 
 26
 Having answered the certified question of law, we remand this case to the United States Court of Appeals for the Eleventh Circuit.
 
 
 27
 It is so ordered.
 
 
 28
 BARKETT, C.J., and OVERTON and KOGAN, JJ., concur.
 
 
 29
 McDONALD, J., dissents with an opinion, in which SHAW and GRIMES, JJ., concur.
 
 
 30
 McDONALD, Justice, dissenting.
 
 
 31
 I respectfully dissent. "Annuity contract" is a general term used loosely in financial and legal nomenclature and eludes exact definition. See Commonwealth v. Beisel, 338 Pa. 519, 13 A.2d 419, 420-21 (1940) (discussing the ambiguity of the term "annuity" ). The ambiguity of the term, without precise definition by the Florida legislature, renders section 222.14, Florida Statutes (1989), ambiguous on its face.
 
 
 32
 Such ambiguity is resolved, however, by considering the legislative history of section 222.14. In 1978, the legislature amended section 222.14 to provide:
 
 
 33
 Exemption of cash surrender value of life insurance policies and annuity contracts from legal process.--The cash surrender values of life insurance policies issued upon the lives of citizens or residents of the state and the proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any creditor of the person whose life is so insured or of any creditor of the person who is the beneficiary of such annuity contract, unless the insurance policy or annuity contract was effected for the benefit of such creditor.
 
 
 34
 Ch. 78-76, § 1, Laws of Fla. (1978 legislative additions to the statute underlined). The Staff Analysis and Economic Statement to Senate Bill 163 (dated January 10, 1978) reveals the legislature's purpose in amending the statute:
 
 
 35
 In 1977 the definition of "life insurance" in the Insurance Code, ch. 624-632, F.S., was expanded to include annuity contracts (ch. 77-295). Currently, § 222.14, which is not in the Insurance Code, exempts the cash surrender value of life insurance from attachment, garnishment, or legal process. It is not clear whether the term "life insurance" as used in § 222.14 includes proceeds of annuities.
 
 
 36
 Thus, the legislature intended to expand the scope of section 222.14 to the same extent that it expanded the insurance code's definition of "life insurance." The only annuity contracts exempt under section 222.14 are those that involve the insurance of human lives. Interpreting the statute to exempt the glorified account receivable in the instant case violates the legislature's intent and unjustly deprives LeCroy of what he is legally entitled to under federal and state bankruptcy law.
 
 
 37
 Legislative intent aside, while the payments McCollam claims to be exempt may technically be proceeds of an "annuity contract," they are, in substance, a structured account receivable. The substance of the arrangement, rather than the label affixed to it, determines whether the payments are exempt as proceeds from an annuity, or an account receivable, and part of the bankruptcy estate. See In re Young, 806 F.2d 1303, 1307 (5th Cir.1987) (interpreting similar Louisiana statute to disallow exemption of annuities from bankruptcy estate); see also Beisel, 338 Pa. at 521, 13 A.2d at 421 (holding that installment payments on a debt do not constitute an annuity for the purposes of state property tax). Thus, even assuming that section 222.14 is plain on its face and applicable to the proceeds of annuity contracts, I would hold that Travelers Insurance Company's monthly payments to McCollam merely constitute installment payments on an account receivable, not an annuity contract within the scope of the statute.
 
 
 38
 SHAW and GRIMES, JJ., concur.