In re John P. DILLON, Anne Dillon, Debtors.

**Bankruptcy No. 93–14402–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

March 14, 1994.

Andrea S. Hartley, Trustee, c/o Tabas, Singerman & Freedman, P.A., Miami, FL, for trustee.

Ronald G. Neiwirth, Coral Gables, FL, for debtors.

*MEMORANDUM DECISION AND ORDER GRANTING TRUSTEE'S OBJECTION TO DEBTORS' CLAIMS OF EXEMPTIONS*

A. JAY CRISTOL, Chief Judge.

**THIS CAUSE** came before the Court on March 1, 1994 at 9:30 a.m. upon the Trustee's

Objection to Debtors' Claims of Exemptions and Memorandum of Law in support thereof ("Trustee's Objection"), and the Debtors' Memorandum in Opposition to Trustee's Objections to Claimed Exemptions ("Debtors' Memorandum in Opposition"). Upon review of the Trustee's Objection and the Debtors' Memorandum in Opposition, having heard argument of counsel, and review of the file, the Court renders the following decision which shall constitute the Court's Findings of Fact and Conclusions of Law pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure.

## JURISDICTION

This Court has jurisdiction over the pending motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 8, 1993 ("Petition Date"), John P. Dillon ("Debtor") and Anne Dillon (collectively hereinafter referred to as "Debtors") commenced these proceedings with the filing of their voluntary petition under Chapter 7, title 11, United States Code. Subsequently, Joel L. Tabas ("Trustee") was duly appointed as the Chapter 7 Trustee.

Prior to the Petition Date, the Debtor was employed as an insurance agent by John Hancock Mutual Life Insurance Company ("John Hancock"). Upon John Hancock's termination of the Debtor's employment, the Debtor filed a lawsuit against several defendants including John Hancock and several officers and/or employees of John Hancock. In the complaint, the Debtor alleged age discrimination, wrongful termination, commercial fraud and a variety of other tort and contract causes of action. In response, John Hancock asserted a certain counterclaim against the Debtor.

The parties resolved their claims and entered into a confidential settlement agreement dated June 11, 1990 ("Settlement Agreement"). Pursuant to the Settlement Agreement, John Hancock will make annual payments to the Debtor in the net amount of $47,184.40 for the remainder of the Debtor's life.[1]

John Hancock never purchased or provided an annuity contract to fund the payments under the Settlement Agreement. Notwithstanding, the Debtors claim the Settlement Agreement as exempt on their bankruptcy schedules. On January 3, 1994, the Trustee timely filed an Objection to Debtors' Claims of Exemptions and Motion for Turnover of Unscheduled Automobiles which raised an issue, among others, whether the payments from John Hancock to the Debtor under the Settlement Agreement are exempt under Florida law. On February 1, 1994, an Agreed Order was entered by this Court on the Trustee's Objection providing for a hearing on March 1, 1994, to determine this issue.

## DISCUSSION

A Florida debtor may claim as exempt only those assets exempt pursuant to state law. Fla.Stat. § 222.20. The Debtors claim the payments they receive from John Hancock under the Settlement Agreement are exempt pursuant to § 222.14, Fla.Stat. Section 222.14, Fla.Stat., provides in pertinent part:

[T]he proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor ... of any creditor of the person who is the beneficiary of such annuity contract unless the ... annuity contract was effected for the benefit of such creditor.

Fla.Stat. § 222.14 (1993).

In support of their position, the Debtors rely on *In re McCollam,* 986 F.2d 436 (11th Cir.1993). In *McCollam,* the debtor sued several defendants, including Travelers Insurance Company ("Travelers"), in a wrongful death action. To resolve the claim, the parties entered into a structured settlement agreement. In order to fund the settlement

1. In order to reduce the Debtor's indebtedness to John Hancock, the net amount includes an annual offset of $6,000.60.

payments, Travelers purchased an annuity contract naming the debtor as the beneficiary/payee.

The *McCollam* court was faced with the question of "[w]hether, as a matter of law, an annuity contract which is established in lieu of a creditor paying a debtor a lump sum presently owed is exempt under Fla.Stat. § 222.14." *Id.* at 436. The Eleventh Circuit, in a four to three decision, found that the annuity contract Travelers purchased to effectuate the payments under the structured settlement agreement was exempt from the claims of creditors under § 222.14, Fla.Stat. The *McCollam* court determined that regardless of the underlying obligations of the annuity contract, all annuity contracts seemed to be exempt from creditor claims in bankruptcy. *Id.* at 437.

■ This Court believes the Debtors' reliance on *McCollam* is misplaced. The *McCollam* court did not find that the structured settlement agreement between the debtor and Travelers constituted an annuity contract. Rather, the Eleventh Circuit held that the actual annuity contract underlying the structured settlement agreement fell within the definition of annuity under § 222.14 Fla. Stat.

This Court has acknowledged that:

As [§ 222.14 Fla.Stat.] now reads and as it has been interpreted by the Florida Supreme Court, the payment of lottery winnings, *litigation settlements* and other obligations through the vehicle of an annuity could allow debtors to successfully exempt the payments in a bankruptcy case. (Emphasis added).

*In re Pizzi,* 153 B.R. 357, 363 (Bankr. S.D.Fla.1993). The Court agrees that had John Hancock purchased or provided an annuity contract in conjunction with the Settlement Agreement, naming the Debtor as the beneficiary, then, the *McCollam* decision would support the Debtors' claimed exemption. However, John Hancock, unlike Travelers, *never* purchased an annuity contract. Instead, John Hancock agreed to make the

annual payments directly to the Debtor. Accordingly, the *McCollam* decision is not analogous and, therefore, it is not controlling.

Further, the Court does not find persuasive Debtors' argument that the Settlement Agreement constitutes an annuity contract under § 222.14 Fla.Stat. The term annuity should have been familiar to both the Debtor, a former insurance agent, and John Hancock, an insurance company. Yet, the document was not titled "Annuity" but, rather, "Confidential Settlement Agreement". The Debtor is not referred to as the beneficiary of annuity payments. In fact, nowhere in the document does the word "annuity" appear. Had the Debtor intended the settlement payments to be paid under an annuity contract, he had the ability to create such a document.

Having determined that the annual payments from John Hancock to the Debtor under the Settlement Agreement are not payments made under an "actual annuity contract", the Court must decide whether the stream of payments from John Hancock to the Debtor constitute an annuity under § 222.14 Fla.Stat. This identical argument was raised by a debtor in the case of *In re Pizzi,* 153 B.R. 357 (Bankr.S.D.Fla.1993) (Judge Mark).

In *Pizzi,* the debtor won the Connecticut State Lottery which entitled her to an annual net payment of $128,105.17 for twenty (20) years. *Id.* at 359. The State of Connecticut purchased an annuity contract from Metropolitan Life Insurance Company. *Id.* However, the State of Connecticut was the named beneficiary on such annuity, not the debtor. *Id.* at 359–60. After examining Florida law, the *Pizzi* court held that a stream of payments flowing directly to a debtor does not fall within the annuity exemption set forth in § 222.14, Fla.Stat. *Id.* at 362.[2]

Moreover, the *Pizzi* court recognized the limited reach of the *McCollam* decision as follows:

*McCollam's* holding should not be extended further to enable debtors to exempt payment streams that are not payments

2. Courts have even construed a structured settlement whereby a party is to receive monthly payments under an annuity contract as an account

receivable and not exempt as an annuity. *Matter of Young,* 806 F.2d 1303 (5th Cir.1986).

under an actual annuity contract. Thus, *McCollam* does not compel a finding that the payment stream from Connecticut to the Debtor is itself an annuity and this Court will not broadly interpret *McCollam* to reach that result. Indeed, considering the strong dissent by three of the Justices, this Court believes a majority of the Florida Supreme Court would emphatically reject the Debtor's argument here.

*Id.* The *Pizzi* court concluded that "[e]ven under the broad definition of annuity adopted in *McCollam,* the monies Ms. Pizzi receives from Connecticut each year are not the 'proceeds of an annuity contract' under Fla.Stat. § 222.14." *Id.*

Notwithstanding the *Pizzi* decision, the Debtors argue that the settlement payments are exempt under § 222.14, Fla.Stat. However, merely because John Hancock agreed to pay a certain amount of money each year to the Debtor for the remainder of the Debtor's life, does not qualify the Settlement Agreement as an "annuity contract" entitled to exempt status. Such a result would require courts to interpret the statute as encompassing all documents which provide for annual payments to a debtor over a period of time. Thus, the Debtors' interpretation of § 222.14, Fla.Stat., would render the purchase of an actual annuity contract meaningless.

The Court knows of no authority that supports the proposition that the payments from John Hancock to the Debtor under the Settlement Agreement are annuity payments within the statutory exemption. Accordingly, the unpaid annual payments from John Hancock to the Debtor under the Settlement Agreement are not exempt from the claims of creditors under § 222.14, Fla.Stat., and must be turned over to the Trustee.

Based upon the foregoing findings and conclusions, it is **ORDERED:**

1. The Settlement Agreement is not an annuity under § 222.14, Fla.Stat.

2. The payments from John Hancock to the Debtor, John P. Dillon, under the Settlement Agreement are not exempt under § 222.14, Fla.Stat.

3. Subject to the provisions of this Court's Order Granting Relief From Stay dated February 28, 1994 and pursuant to page 3 paragraph 3 of the Settlement Agreement, John Hancock shall, during each 12–month period, pay to the Trustee the sum of $47,184.40 commencing from the date the Debtors filed their voluntary petition for bankruptcy to and through the remainder of Debtor John P. Dillon's life.

**DONE AND ORDERED.**