**In re Fred Paul SOLOMON, Debtor.**

**Bankruptcy No. 93–14945–AJC.**

United States Bankruptcy Court,
S.D. Florida.

April 22, 1994.

Ronald G. Neiwirth, Semet, Lickstein, Morgenstern & Berger, P.A., Coral Gables, FL, for debtor.

Sally M. Richardson, Miami, FL, for Shutts & Bowen.

### ORDER SUSTAINING GUARDIAN LIFE INSURANCE COMPANY'S OBJECTION TO EXEMPTION

A. JAY CRISTOL, Chief Judge.

THIS CAUSE came before the Court on April 5, 1994 for hearing on the objection to exemption filed by creditor, The Guardian Life Insurance Company of America ("Guardian").

The debtor, Fred Paul Solomon ("Solomon"), claims exemption for a "structured settlement annuity received as settlement of a 1984 lawsuit. . . ." The contract provided by the debtor as evidence of the exemption is entitled "Settlement Agreement and General Release" and provides, *inter alia,* for the payment by Union Mutual Life Insurance Company ("Union Mutual"), defendant in the 1984 lawsuit, to Solomon of $50,000 in collected funds at the closing of the settlement; monthly payments of $6,507.97 for 120 months; a payment of $450,000 on January 1, 1996; and Solomon's attorneys' fees in the amount of $344,250.00. The Settlement Agreement and General Release further provides for the purchase of "one or more annuities" by Union Mutual from TransAmerica Annuity Service Corporation ("TransAmerica"). Solomon has no "legal or equitable interest, vested or contingent, in the annuities." Although TransAmerica may designate Solomon as the payee of the annuities, it is not required to do so and, in fact, apparently has not done so.[1] The Settlement

---

1. In response to Guardian's Request for Production of Documents seeking the actual annuity contracts with TransAmerica, Solomon's counsel represented that Solomon was not the beneficiary of the contracts and did not have copies of the contracts.

Agreement and General Release further provides that Solomon has no right to change the beneficiaries of the annuity.

Guardian's objection to the exemption claimed by Solomon is two-fold. First, Guardian argues that the single lump-sum payment of $450,000 in 1985 cannot be considered the proceeds of an annuity contract under Florida Statutes § 222.14. Second, Guardian argues that because Solomon is not the beneficiary of the annuity actually purchased by Union Mutual, the exemption provided by Florida Statutes § 222.14 does not apply.

■ Florida Statutes § 222.14 provides, in pertinent part:

[T]he proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any creditor ... of the person who is the beneficiary of such annuity contract. . . .

The legislature provided no definition of "annuity contracts" in Chapter 222. Florida Statutes § 238.01(15) contains a definition of an annuity for the purposes of the retirement system for school teachers as "annual payments for life. . . . All annuities shall be paid in equal monthly installments." Courts have defined an annuity in various ways, but the common denominator of these definitions is periodic payments. In *In re Talbert*, 15 B.R. 536 (Bankr.W.D.La.1981), the Court adopted the definition of an annuity provided in 3A C.J.S. Annuities § 2:

An annuity is frequently defined as a yearly payment of a certain sum of money granted to another in fee for life or for years, and chargeable only on the person of the grantor; or more briefly, as an agreement to pay a specified sum annually during the life of the annuitant. . . . In its broader sense it designates a fixed sum, granted or bequeathed, payable periodically, at aliquot parts of a year, at stated intervals, and not necessarily annually.

This definition was quoted approvingly in *In re Gefen*, 35 B.R. 368, 371 (Bankr.S.D.Fla. 1984) and again in *In re McCollam*, 986 F.2d 436 (11th Cir.1993) (applying Florida law). In *Black's Law Dictionary*, an annuity is defined as "a right to receive fixed, periodic payments, either for life or for a term of years." Under each of these definitions, the single lump sum payment of $450,000 in 1985 cannot be considered the proceeds of an annuity contract.

Solomon's reliance on *McCollam, supra,* is misplaced. In *McCollam,* the Court considered an annuity contract purchased by Travelers to provide payments in connection with a structured settlement agreement between Travelers and the debtor. The agreement provided for monthly payments of $1,320 during the life of the debtor or until the year 2015, and for five (5) lump sum payments on specified dates prior to the year 2015. The Court relied upon the above-referenced definitions to hold that the payments were exempt under Florida Statutes § 222.14.

Although there are some similarities between the instant case and *McCollam,* in that both involve annuity contracts purchased to fund a structured settlement agreement, the dissimilarities are more striking and fatal to the debtor's argument herein. Unlike *McCollam,* this case involves a settlement agreement which includes, in addition to monthly payments, a single payment upon closing of the agreement, a single balloon payment at the conclusion of the term of the monthly payments, and the payment of Solomon's attorneys fees. Only the monthly payments and the single balloon payment at the end are required to be funded by the purchase of an annuity contract. Beyond the monthly payments, the remaining payments under the settlement agreement in this case are not periodic and bear no resemblance to an annuity. If the balloon payment in this case were construed to constitute an annuity, it is hard to conceive of any limitation on the exemption provided by Florida Statutes § 222.14.

■ Moreover, unlike *McCollam,* this case involves an annuity contract of which the debtor is neither owner nor beneficiary. Indeed, the agreement in this case provides that Solomon will have no legal or equitable interest, vested or contingent, in the annuities. The Florida exemption applies only to annuity contracts issued to citizens or residents of the state and of which the debtor is the beneficiary. In its opinion in *McCollam,* the Court noted that, unlike Solomon, the debtor was the beneficiary/payee under the

annuity contract. 986 F.2d at 436. The Bankruptcy Court opinion in *McCollam*, 110 B.R. 599, 601 (Bankr.S.D.Fla.1990), additionally reveals that, unlike Solomon, the debtor in that case had the right to change beneficiaries. In this regard, the instant case is more like *In re Pizzi*, 153 B.R. 357 (Bankr. S.D.Fla.1993), wherein Judge Robert A. Mark held that the proceeds of an annuity contract issued to the State of Connecticut to provide the funds for the payment of lottery winnings by the State of Connecticut to the debtor were not exempt under Florida Statutes § 222.14. Judge Mark reasoned that the annuity contract was issued to the State of Connecticut, and that the debtor was not the beneficiary of the annuity contract. Similarly, the annuity contract at issue herein does not meet the statutory requirements for exemption under Florida Statutes § 222.14 in that the annuity contract was not issued to Solomon and Solomon is not the beneficiary under the annuity.

■ Finally, Solomon's argument that the Settlement Agreement and Release were motivated by tax considerations and that the language therein was tailored to meet specific rulings of the Internal Revenue Service has no bearing on the debtor's entitlement to claim a statutory exemption.

## *CONCLUSION*

For the foregoing reasons, Guardian's objection to the debtor's exemption of the annuity is sustained.

DONE and ORDERED.