Fred Paul SOLOMON, Appellant,

v.

GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA,
Appellee.

No. 94–1137–CIV.
Bankruptcy No. 93–14945–AJC.

United States District Court,
S.D. Florida.

Aug. 10, 1995.

Ronald G. Neiwirth, Semet Lickstein Morgenstern Berger Friend Brooke & Gordon, Coral Gables, FL, for appellant.

Sally M. Richardson, Shutts & Bowen, Miami, FL, for appellee.

*ORDER REVERSING IN PART AND AFFIRMING IN PART THE BANKRUPTCY COURT'S ORDER SUSTAINING GUARDIAN LIFE INSURANCE COMPANY'S OBJECTION TO EXEMPTION*

ARONOVITZ, District Judge.

Fred Paul Solomon appeals from the Bankruptcy Court's Order Sustaining Guardian Life Insurance Company's Objection to Exemption. *See In re Solomon*, 166 B.R. 998 (Bankr.S.D.Fla.1994). This court heard oral argument on the merits January 10, 1995.

**Factual and procedural background**

In December 1985, the appellant, Solomon settled a 1984 lawsuit with Union Mutual Life Insurance Company and certain affiliates. The Settlement Agreement and General Release required that Union Mutual pay to Solomon $50,000 at closing, $6,507.97 monthly for ten years, $450,000 on January 1, 1996, and Solomon's attorney's fees in the amount of $344,250. Agreement ¶ 3, pp. 5–6.

To ensure the availability of funds to make the monthly payments and the final lumpsum payment, the settlement agreement required Union Mutual to purchase one or more annuities from Transamerica Annuity Service Corp. Agreement ¶ 4, p. 6. The commercial annuity contract which Union Mutual purchased provides monthly payments and a final lumpsum payment, all identical to those required by the settlement agreement and payable to Union Mutual or at its direction.

Solomon filed a chapter 7 bankruptcy petition on December 14, 1993. On his Schedule C of Property Claimed as Exempt, Solomon listed the settlement agreement and claimed

it and its proceeds exempt as an annuity under Florida Statute § 222.14.[1] Guardian Life objected. After a hearing on the objection, the Bankruptcy Court entered an Order Sustaining Guardian Life Insurance Company's Objection to Exemption. Solomon appealed.

**Discussion**

The filing of a bankruptcy petition creates an estate comprised of all assets of the debtor, pursuant to 11 U.S.C. § 541. Under § 522 of the Code, the debtor may exempt from the estate certain assets, under a federal or state exemption scheme. 11 U.S.C. § 522. The state of Florida has opted out of the federal exemptions, providing instead its own set of exemptions in Chapter 222, Florida Statutes. Fla.Stat. § 222.20. Section 222.14 provides, in pertinent part:

[T]he proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of ... any creditor of the person who is the beneficiary of such annuity contract, unless the ... annuity contract was effected for the benefit of such creditor.

Fla.Stat. § 222.14.

In his Schedule C of exempt property Solomon listed the following: "structured settlement annuity received as settlement of a 1984 lawsuit ..." The issue on appeal is whether or not Solomon's settlement agreement with Union Mutual constitutes an annuity contract exempt under Fla.Stat. § 222.14. This is a pure question of law subject to a de

novo review. *In re Sublett,* 895 F.2d 1381, 1383 (11th Cir.1990).

■ Solomon asserts that the Bankruptcy Court erroneously failed to distinguish the two streams of payments; he argues that the analysis should have focused on the settlement agreement between Solomon and Union Mutual rather than the annuity Union Mutual purchased from Transamerica. That annuity contract, purchased to fund the settlement agreement, was not listed as an asset, exempt or otherwise, on Solomon's schedules and is not part of the estate. Union Mutual owns the annuity; Solomon has no "legal or equitable interest, vested or contingent, in the annuities." Agreement ¶ 4, p. 6. Transamerica may designate Solomon as the beneficiary but is not required to and has not.[2] Solomon has "no right to change the beneficiaries or exert other control with respect to the annuity ..." Agreement ¶ 5, p. 7.

The Florida exemption provision exempts "the proceeds of annuity contracts issued to citizens or residents of the state ..." Fla. Stat. § 222.14. The funding annuity contract was not issued to Solomon.[3] Further, the exemption provision protects the annuity from "any creditor of the person who is the beneficiary of such annuity contract ..." Solomon is not the beneficiary; Union Mutual is. Solomon's creditors, not Union Mutual's seek to recover the proceeds.

This court must determine whether or not the settlement agreement itself constitutes an annuity contract pursuant to § 222.14. The Florida Supreme Court, answering a

---

**1.** Section 522(b)(1) of the Bankruptcy Code makes state law exemptions applicable in bankruptcy proceedings. 11 U.S.C. § 522(b)(1).

**2.** Although the record does not contain a copy of the annuity contract, Solomon's counsel represented to the Bankruptcy Court that Solomon was not the beneficiary. *Solomon,* 166 B.R. 998, n. 1.

**3.** The Bankruptcy Court for the Middle District of Florida has held that the statute does not require that the annuity be issued to a resident of the state, but rather that the proceeds be issued to a resident of the state. *In re Benedict,* 88 B.R. 387, 389 (Bankr.M.D.Fla.1988). This court disagrees for the same reasons the court in *In re Pizzi* disagreed—"Proceeds are not issued, con-

tracts are issued." 153 B.R. 357, 360 (Bankr. S.D.Fla.1993). Furthermore, the proceeds of an annuity contract are distributed to the beneficiary; Solomon is not the beneficiary.

The *Benedict* court also held that the beneficiary need not be the one named in the annuity contract, but can be a person with a "beneficial interest." 88 B.R. at 389 (citing *In re Ebenger,* 40 B.R. 463 (Bankr.S.D.Fla.1984)). The *Ebenger* case involved a debtor who was the beneficiary pursuant to the terms of the annuity contract purchased for him by his law firm. At all times, he had the option to receive the present value lump sum payment or an income stream over time. This case does not involve those circumstances. Nevertheless, this court need not decide how far to extend the meaning of "beneficiary."

certified question from the Eleventh Circuit, has held that an annuity contract established in lieu of a creditor paying a debtor a lump sum presently owed is exempt from creditor claims under § 222.14. *In re McCollam*, 986 F.2d 436 (11th Cir.1993) (attaching as Appendix full text of *In re McCollam*, 612 So.2d 572 (Fla.1993)).[4]

"When the language of a statute is clear and unambiguous and conveys a clear meaning, the statute must be given its plain and ordinary meaning." *McCollam*, 612 So.2d at 573. "Section 222.14 clearly exempts all annuity contracts from creditor claims." *Id.* Although § 222.14 does not define "annuity contracts," the Florida Supreme Court surveyed several definitions. *Id.* at 438. The Eleventh Circuit adopted that analysis. *McCollam*, 986 F.2d 436. This court is bound by the Eleventh's Circuit's decision.

The Florida Supreme Court utilized several definitions as a guide for the qualification of an annuity, including: "annual payments for life ... paid in equal monthly installments;" "a fixed sum ... payable periodically, at aliquot parts of a year, at stated intervals ...;" and a "right to receive fixed, periodic payments either for life or for a term of years." *McCollam* 612 So.2d at 574 (citations withheld). The Florida Supreme Court concluded:

> Using these definitions as a guide to the plain and ordinary meaning of annuity, we find that the contract at issue in this case is an annuity and therefore is exempt under section 222.14 from creditor claims. Moreover, had the legislature intended to limit the exemption to particular annuity contracts, it would have included such restrictive language when the statute was amended to include annuity contracts.

*Id.* (citation withheld).

Also using the broad definitions as a guide, this court concludes that the settlement agreement between Solomon and Union Mutual constitutes an annuity contract. It is an agreement or contract pursuant to which Union Mutual pays Solomon monthly payments of a fixed sum for a term of ten years. The statute also requires that the contract be issued to a citizen of the state and protects the proceeds from creditors of the beneficiary. Solomon, a resident of the state is the beneficiary trying to exempt the proceeds from the reach of his creditors. Thus, the payments under the settlement agreement constitute an annuity contract exempt under Florida Statute § 222.14.

Guardian asserts, however, that *McCollam* is factually distinguishable and that the Bankruptcy Court was correct in relying upon *In re Pizzi*, 153 B.R. 357 (Bankr. S.D.Fla.1993) (Mark, J.), rather than *McCollam*.

In settlement of her father's wrongful death claim against Travelers Insurance Company and others, McCollam and Travelers entered a settlement agreement under which Travelers would make monthly installment payments. As security for the payments, Travelers was required to purchase an annuity from Executive Life of New York, designating McCollam as the beneficiary. The settlement agreement also provided that McCollam had the power to change the beneficiaries. Solomon, on the other hand, is not a beneficiary of the funding annuity contract and does not have the power to change the beneficiaries.

*Pizzi* involved the claimed exemption of Connecticut lottery winnings by the debtor, Kathleen Pizzi. To fund the yearly payments, the State of Connecticut purchased from Metropolitan Life Insurance Company an annuity contract, naming the Division of State Revenue as the owner and beneficiary. *Pizzi*, like Solomon, was not a beneficiary of the funding annuity and did not have the power to change the beneficiary named therein. Thus, as the Bankruptcy Court below found, this case is factually more like *In re Pizzi*, 153 B.R. 357. This court is not, however, bound by that Bankruptcy Court

---

**4.** Originally, the Bankruptcy Court found the structured settlement in that case exempt. *In re McCollam*, 110 B.R. 599 (Bankr.S.D.Fla.1990) (Cristol, C.J.). The District Court affirmed. *In re McCollam*, 118 B.R. 129 (S.D.Fla.1990). The Eleventh Circuit certified the question to the Supreme Court of Florida. *In re McCollam*, 955 F.2d 678 (11th Cir.1992). The Florida Supreme Court held the agreement to be annuity. *In re McCollam*, 612 So.2d 572 (1993). Based upon the Florida Supreme Court's decision, the Eleventh Circuit affirmed the District Court.

decision. Moreover, *Pizzi* must be applied consistently with *McCollam*.

The *Pizzi* court acknowledged the *McCollam* holding "that the purpose or source of funds of an annuity contract does not affect the exemption," but suggested that *McCollam* should not be extended further and that the holding did not compel a finding that the lottery payments were an annuity. 153 B.R. at 362. The *Pizzi* court stated the following:

> In *McCollam* the court analyzed an annuity contract purchased to settle a personal injury lawsuit. Although the reasons for purchasing the annuity are unique, the fact remains that what was bought was an annuity in the name of the debtor. Here, the income stream flowing directly to the Debtor is not an annuity at all. The monies are prize winnings stemming from the winning of the lottery. The Connecticut Lottery regulations never refers [sic] to the winnings as proceeds of an annuity, and the winner is never referred to as the beneficiary or payee of an annuity. The only annuity contract here is the [funding] annuity purchased by the State of Connecticut for its benefit and as discussed earlier, the Debtor is not a beneficiary of that contract. Even under the broad definition of annuity adopted in *McCollam*, the monies Ms. Pizzi receives from Connecticut each year are not the 'proceeds of an annuity contract' under Fla.Stat. § 222.14.

153 B.R. at 362. This analysis concentrates solely on how the payments are designated. Because the payments are not called an annuity and the recipient not called a beneficiary, the stream of payments is not an annuity, the court reasoned. Such reasoning ignores the broad definitions of annuity utilized in *McCollam* and the irrelevance of the purpose and source of funds. This court, therefore, declines to follow *Pizzi*.

■ This court is bound by the decisions of the Eleventh Circuit. The Eleventh Circuit certified the *McCollam* question to the Florida Supreme Court, because

> it is appropriate for the highest court of Florida to determine whether the intent of the legislature is to exempt from the claims of creditors in bankruptcy annuities in the nature of retirement instruments, or

all debts structured as annuities, including those that derive from personal injury settlements.

*McCollam,* 955 F.2d at 681 (footnote omitted). The Florida Supreme Court's holding indicates that not only annuities in the nature of retirement instruments can be exempted under § 222.14, but also debts structured as annuities. As the *Pizzi* court noted:

> As [§ 222.14] now reads and as it has been interpreted by the Florida Supreme Court, the payment of lottery winnings, litigation settlements and other obligations through the vehicle of an annuity could allow debtors to successfully exempt the payments in a bankruptcy case.

*Id.* at 363. In light of the *McCollam* line of cases and the broad definition of annuity, this court concludes that the settlement agreement in this case constitutes proceeds of an annuity contract exempt under Fla.Stat. § 222.14

■ Guardian argues that even if the monthly payments are exempt as an annuity, the lumpsum payments under the Agreement should be treated separately and exempt. The lumpsum payments must be treated as part of the annuity with the monthly payments. In *McCollam,* in addition to the equal monthly payments, the settlement agreement also provided for five payments of 25, 50, 75, 100 and 250 thousand dollars with the first two payments three years apart and the remaining at five-year intervals. None of the *McCollam* courts distinguished these lump sum payments. The Eleventh Circuit merely affirmed the holding that the entire annuity was exempt, without specific mention of the lumpsum unequal payments. This court is bound by Eleventh Circuit precedent, and the lumpsum payments under the settlement agreement in this case are exempt.

■ The payment of attorney's fees, however, is separate and distinct. The settlement agreement's payment provision calls for payment of all sums at specific dates or intervals. The agreement does not specify a time for payment of attorney's fees. Accordingly, they warrant separate treatment and are not exempt.

## Conclusion

It is ORDERED AND ADJUDGED that the Bankruptcy Court's Order Sustaining Guardian Life Insurance Company's Objection to Exemption is REVERSED in PART and AFFIRMED in PART. The settlement agreement is exempt under Fla.Stat. § 222.14. The portion of the agreement which calls for the payment of attorney's fees is not exempt.

DONE AND ORDERED.