**In re Donna Jean CONNER, Debtor.**

**Bankruptcy No. 93–5591–BKC–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Aug. 15, 1994.

R. Cash Barlow, Fernandina Beach, FL, for debtor.

Gordon P. Jones, Trustee, Jacksonville, FL.

*FINDINGS OF FACT AND CONCLUSIONS OF LAW*

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the objection to exemption filed by the trustee. The Court held a hearing on the objection May 25, 1994, and upon the evidence presented, the Court enters these findings of fact and conclusions of law:

*Findings of Fact*

Debtor and her former husband entered into a separation and property settlement

agreement October 5, 1989. The Circuit Court for Baker County, Florida, entered a Final Judgment of Dissolution of Marriage October 23, 1989, based upon the settlement agreement and the evidence presented in that Court. Paragraphs 6 and 7 of the judgment state in relevant part:

6. The Wife shall convey to the Husband all right, title and interest which she has in the real property owned in the joint names of the parties in Nassau County, Florida, upon which is located the marital home of the parties and the Husband's chicken business, being more particularly described as ... subject to the indebtedness owed to Anchor Savings Bank and to the Husband's parents, which said indebtedness the Husband is hereby ordered to pay and to hold the Wife harmless therefrom.

7. The Husband shall pay to the Wife the sum of $1,000.00 per month for a ten year period, commencing on the first day of November, 1989, and continuing on the first day of each month thereafter through October 1, 1999, as an equitable distribution to the Wife of her one-half share of the assets acquired between the parties during the marriage. At such time as the child support due to the Wife for the minor child ceases, the Husband shall pay to the Wife an additional $229.17 per month, being a total of $1,229.17 per month for the remainder of the year period. Any sums advanced to the Wife in order the that the Wife may establish hereself [sic] in a household, shall be deducted from the total due to the Wife over the ten year period, said deductions to be made from the last payments due to the Wife. The Husband shall execute any and all documents necessary to to [sic] secure this equitable distribution to the Wife of her one-half share of the joint assets of the parties.

Debtor filed her chapter 7 petition on January 27, 1993. In schedule C of her petition, debtor claimed as exempt her personal property pursuant to Article X, § 4 Florida Constitution and Section 222.11, Florida Statutes. Subsequently, debtor amended her claim of exemption to include the property settlement with her former husband.

The trustee timely objected to debtor's claim of exemption but abandoned his objections as to all exemptions except the objection to the claim of exemption for debtor's right to receive funds pursuant to the property settlement pursuant to Section 222.14 Fla.Stat.

### Conclusions of Law

Upon filing a petition in bankruptcy, all interests in property of the debtor becomes property of the estate. 11 U.S.C. § 541. Nonetheless, a debtor may exempt certain property from the estate by filing a claim of exemption. 11 U.S.C. § 522. Florida has opted out of the federal exemption scheme provided in § 522(d), thus debtor's right to exempt property from the estate is controlled by Florida law. Section 222.20 Fla.Stat.

Debtor claims as exempt, pursuant to Fla. Stat. 222.14, the payments received and the right to receive future payments pursuant to the property settlement and judgment. Section 222.14 states in relevant part:

The cash surrender value of life insurance policies issued upon the lives of citizens or residents of the state and the proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any creditor of the person whose life is so insured or of any creditor of the person who is the beneficiary of such annuity contract, unless the insurance policy or annuity contract was effected for the benefit of such creditor.

■ The sole issue before the Court is whether the property settlement payments provided in the judgment of dissolution of marriage are proceeds of an annuity contract pursuant to section 222.14.

The Florida Supreme Court addressed the definition of annuity contract in the context of section 222.14 in *In re McCollam*, 612 So.2d 572 (Fla.1993). In *McCollam*, the Supreme Court answered the question "whether as a matter of law, an annuity contract which is established in lieu of a creditor paying a debtor a lump sum presently owed is exempt from creditor claims in bankruptcy

under Fla.Stat. 222.14" in the affirmative. The Court declined to focus on the underlying obligation, rather, the Court focused on the payment structure of the contract. In reaching its conclusion that the term should be broadly construed and that the contract qualified as an annuity contract pursuant to 222.14, the Court considered the definition of annuity used by other courts and Black's Law Dictionary. However, the Court specifically found that the debtor was the beneficiary/payee of an annuity contract purchased to provide payments pursuant to the settlement agreement between debtor and Travelers Insurance Company.

The trustee relies upon *In re Pizzi*, 153 B.R. 357 (Bankr.S.D.Fla.1993) in urging this Court to hold that receiving periodic payments is merely an incidence of an annuity and that alone is not sufficient to establish an annuity. In *Pizzi*, the State of Connecticut purchased an annuity contract with Metropolitan Life Insurance Company to fulfill its obligation to debtor as lottery winner. Connecticut was listed as the beneficiary, contingent beneficiary and owner of the contract. The Court held that the payments received by debtor from the state, which received the payments from the annuity, were not exempt because the state was not a citizen or resident of the State of Florida and because the debtor was not the beneficiary or payee of the annuity but merely received the proceeds from the annuity. The *Pizzi* Court declined to stretch *McCollam* beyond its already broad outline, stating *"McCollam's* holding should not be extended further to enable debtors to exempt payment streams that are not payments under an actual annuity contract." *Id.* at 362.

■ This Court agrees with the *Pizzi* court that *McCollam* requires an actual annuity contract before payments received may be exempt pursuant to section 222.14. The critical distinction between this case and the cases cited by the parties is that the contract in those cases is identified as an annuity within the four corners of the contract. *In re McCollam*, 612 So.2d 572; *In re Dixson*, 153 B.R. 594 (Bankr.M.D.Fla.1993); *In re Mart*, 88 B.R. 436 (Bankr.S.D.Fla.1988). In this case, there is no evidence that the par-

ties intended to create an annuity, rather, the language of the contract supports the conclusion that the parties did not intend to create an annuity. Debtor and her former husband entered into a contract and bargained for exchange of debtor's half interest in their joint property for cash. The bargain was structured so that the former husband could pay installments. Paragraph 7 refers to the exchange as an "equitable distribution" and refers to the debtor and her former husband as parties to the contract, not as beneficiary or payee. It is clear, from the four corners of the agreement, that the parties did not intend for the settlement agreement to be an annuity. *Fecteau v. Southeast Bank, N.A.*, 585 So.2d 1005 (Fla. 4th DCA 1991); *Robert C. Roy Agency, Inc. v. Sun First Nat'l Bank*, 468 So.2d 399 (Fla. 4th DCA) *review denied*, 480 So.2d 1295 (Fla.1985) (when terms are unambiguous intent must be discerned from four corners of the document).

■ The Court concludes, notwithstanding the broad definition given "annuity" in *McCollam*, that the payment stream alone is insufficient to establish an annuity contract. Some other indication of an intention to create an annuity must be shown, and in this case, the intention of the parties proves the opposite conclusion.

■ It is well settled that exemptions should be liberally construed to prevent forcing citizens to become public charges. *Killian v. Lawson*, 387 So.2d 960, 962 (Fla.1980). However, this principle cannot change the law which requires an annuity contract to qualify for the section 222.14 exemption. If all that is required to establish an annuity contract is a stream of payments over time, all installment contracts would qualify as an annuity and that is clearly not what the *McCollam* decision requires.

The Court will enter a separate order consistent with these findings of fact and conclusions of law.

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTION

Upon findings of fact and conclusions of law separately entered, it is

ORDERED:

1.  The trustee's objection to the debtor's claim of exemption pursuant to Article X, § 4, Florida Constitution is withdrawn.

2.  The trustee's objection to the debtor's claim of exemption for the property settlement pursuant to section 222.11 Fla.Stat. is withdrawn.

3.  The trustee's objection to claim of exemption pursuant section 222.14 Fla.Stat. regarding the property settlement is sustained.