United States Court of Appeals,

Eleventh Circuit.

No. 95-5144.

In re Fred Paul SOLOMON, Debtor.

GUARDIAN LIFE INSURANCE COMPANY, Plaintiff-Appellant,

v.

Fred Paul SOLOMON, Defendant-Appellee.

Sept. 23, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-1137-CIV), Sidney M. Aronovitz, Judge.

Before TJOFLAT, Chief Judge, COX, Circuit Judge, and HANCOCK[*], District Judge.

PER CURIAM:

Guardian Life Insurance Company appeals an order of the district court concluding that Fred Paul Solomon's interest in a settlement agreement resolving a 1984 lawsuit is exempt, under Florida law, from Solomon's bankruptcy estate. We reverse and remand for further proceedings.

BACKGROUND

The relevant facts are discussed in the opinions of the district court, *Solomon v. Guardian Life Ins. Co. of America,* 186 B.R. 535, 535-36 (S.D.Fla.1995), and the bankruptcy court, *In re Solomon,* 166 B.R. 998, 998-99 (Bankr.S.D.Fla.1994). We summarize them here only as pertinent to this appeal. In December 1985, Solomon settled a lawsuit against Union Mutual Life Insurance Company. The settlement agreement required Union Mutual to pay

[*]Honorable James H. Hancock, U.S. District Judge for the Middle District of Alabama, sitting by designation.

Solomon $50,000, followed by monthly payments of $6,507.97 for ten years and a lump-sum payment of $450,000, payable January 1, 1996. Union Mutual also agreed to pay Solomon's attorney's fees, which totaled $344,250. Union Mutual was required by the settlement agreement to purchase a commercial annuity contract from Transamerica Annuity Service Corporation to ensure that the agreement's payment schedule was complied with. Union Mutual was named as the payee under the Transamerica annuity contract; Solomon is not a party to that annuity contract.

Solomon filed a Chapter 7 bankruptcy petition in December 1993. Solomon listed the settlement agreement as property exempt from his bankruptcy estate as an annuity under Fla.Stat. § 222.14 (West 1989), which provides, in relevant part:

> the proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor ... of any creditor of the person who is the beneficiary of such annuity contract....

Guardian Life, a creditor, objected to the claimed exemption. After a hearing, the bankruptcy court sustained the objection, concluding that the "Florida exemption applies only to annuity contracts issued to citizens or residents of the state and of which the debtor is the beneficiary." *Solomon,* 166 B.R. at 999. The bankruptcy court held that Solomon's settlement agreement was not exempt, both because of its payment structure and because Solomon had no interest in the Transamerica annuity. *Id.*

The district court affirmed in part and reversed in part. The court agreed with the bankruptcy court that the payment earmarked as attorney's fees by the agreement did not qualify under section

222.14 for an exemption. But the court concluded that, under the broad definition of "annuity" provided by the Florida Supreme Court, *see LeCroy v. McCollam* (*In re McCollam* ), 612 So.2d 572 (Fla.1993), *answering question certified in* 955 F.2d 678 (11th Cir.1992), *answer conformed to,* 986 F.2d 436 (11th Cir.1993), it was bound to hold that the payments other than the attorney's fees required by the settlement agreement constituted an annuity contract, exempt under section 222.14 from Solomon's bankruptcy estate. *Guardian Life,* 186 B.R. at 538. Guardian Life appeals the district court's order to the extent that it reversed the bankruptcy court.

## DISCUSSION

On appeal, we are presented with the same issue addressed by the district court: whether Solomon's settlement agreement with Union Mutual constitutes an annuity contract within the meaning of Fla.Stat. § 222.14, so that it is exempt from Solomon's bankruptcy estate. We review de novo determinations of law, whether made by the bankruptcy court or the district court. *Reider v. Federal Deposit Ins. Corp.* (*In re Reider* ), 31 F.3d 1102, 1104 (11th Cir.1994) (citing *Equitable Life Assurance Soc. v. Sublett* (*In re Sublett* ), 895 F.2d 1381 (11th Cir.1990)).

Guardian Life contends that the district court erred in concluding that the settlement agreement is an annuity contract exempt from Solomon's bankruptcy estate.[1] Guardian Life asserts

---

[1]Guardian Life also argues that the Transamerica annuity purchased by Union Mutual to ensure adequate funding of the agreement does not qualify for an exemption under § 222.14. But Solomon concedes that the Transamerica annuity cannot be the basis for an exemption, because he has never had a legal or

that the agreement is not exempt because it is not an annuity contract at all. Guardian Life alleges that neither Solomon nor Union Mutual intended for the agreement to be considered an annuity contract, and it asserts that, except for the monthly payments, none of the agreement's other provisions bear any similarity to an annuity. By contrast, Solomon urges that we affirm the district court, arguing that the court correctly relied upon *McCollam* 's broad definition of "annuity" to conclude that the settlement agreement qualifies for the section 222.14 exemption.

We conclude that the agreement between Union Mutual and Solomon does not qualify for the exemption provided by section 222.14. We recognize that the Florida Supreme Court has broadly defined section 222.14 to include "*all* annuity contracts," stating that "had the legislature intended to limit the exemption to particular annuity contracts, it would have included such restrictive language [in the statute]." *McCollam,* 986 F.2d at 437-38 (quoting Florida Supreme Court's opinion with regard to question certified). But the statute does not shield all debts or "accounts receivable" structured to resemble annuities from a debtor's bankruptcy estate. We read *McCollam* to require the existence of an

---

equitable interest in that annuity contract. *See In re Pizzi,* 153 B.R. 357, 360-61 (Bankr.S.D.Fla.1993) (construing § 222.14 to require that debtor be the beneficiary of annuity contract in question in order to qualify for exemption). In this appeal, then, we address only the character of the settlement agreement between Solomon and Union Mutual.

Guardian Life contends that, even if we conclude that the monthly payments constitute an exempt annuity, in no event can the lump-sum payment of $450,000 be classified as an annuity. Because of our disposition of this case, it is unnecessary for us to address separately this contention.

actual annuity *contract* before a series of payments may be exempt under section 222.14. *Accord In re Conner,* 172 B.R. 119, 121 (Bankr.M.D.Fla.1994) (stating that "[i]f all that is required to establish an annuity contract is a stream of payments over time, all installment contracts would qualify as an annuity and that is clearly not what the *McCollam* decision requires").

The district court concluded that, because *McCollam* 's broad definition of "annuity" includes "debts structured as annuities," "the settlement agreement in this case constitutes proceeds of an annuity contract exempt under Fla.Stat. § 222.14." *Solomon,* 186 B.R. at 538. The district court read *McCollam* too broadly; the fact that Solomon received a series of payments under the settlement agreement does not necessarily transform the agreement into an annuity contract exempted by section 222.14. To qualify for the exemption, the parties to the agreement must have intended to create an annuity contract. *See Conner,* 172 B.R. at 121; *In re Dillon,* 166 B.R. 766, 769 (Bankr.S.D.Fla.1994).

The language of the agreement between Solomon and Union Mutual reveals that the parties did not intend to create such a contract. *See Conner,* 172 B.R. at 121 (agreement must be identified as an annuity within four corners of the contract); *Dillon,* 166 B.R. at 768 ("Had the Debtor intended the settlement payments to be paid under an annuity contract, he had the ability to create such a document."); *Pizzi,* 153 B.R. at 362 (lottery winnings never termed proceeds of an annuity; winner never called "beneficiary" or "payee"). The settlement agreement wholly concerns itself with resolving Solomon's 1984 claims against Union Mutual; it is a

garden variety release of liability.  The district court therefore erred by concluding that section 222.14 applies to exempt the payments made under the agreement from Solomon's bankruptcy estate.

CONCLUSION

We reverse the district court's order overruling Guardian Life's objection to the claimed exemption and remand to the district court for further proceedings consistent with this opinion.

REVERSED and REMANDED.