**In re Larry Eugene DARBY, Debtor.**

**Bankruptcy No. 96–4048–APG.**

United States Bankruptcy Court, M.D. Alabama.

April 8, 1997.

Earl Gillian, Jr., Montgomery, AL, for Debtor.

E. Terry Brown, Copeland, Franco, Screws & Gill, P.A., Montgomery, AL, trustee.

## OPINION ON OBJECTION TO EXEMPTION

A. POPE GORDON, Bankruptcy Judge.

The trustee filed an objection to the debtor's exemption of his interest in two contracts to provide for the future college tuition of his two minor children.[1]

The debtor and trustee submitted briefs on the objection.

The facts are undisputed.

Several years prior to bankruptcy, the debtor purchased two prepaid college tuition contracts from the Wallace–Folsom Prepaid College Tuition Trust Fund.[2] The contracts obligate the trust fund to pay tuition in full for the debtor's minor children if they attend a state college or university.

The contracts may be canceled by the debtor at any time. Upon cancellation, the debtor is entitled to a refund of the amount paid into the fund minus administrative and cancellation fees and any tuition costs already paid by the fund.[3]

The debtor contends that the cancellation value of the contracts is exempt under *Ala. Code* § 19–3–1(a) and § 27–14–32 (1975).[4]

### *Ala.Code* § 19–3–1(a) (1975)

 Section 19–3–1(a) protects property in an express trust for the education and support of a child or other relation from the reach of creditors of the child.[5]

However, the section does not contain language protecting the property from the reach of creditors of the grantor.

The court is without authority to interpret this section to include such protection, as urged by the debtor, because the language of the section is clear. *McGuire Oil Co. v. Mapco, Inc.*, 612 So.2d 417, 423 (Ala.1992).[6]

### *Ala.Code* § 27–14–32 (1975)

 Section 27–14–32 exempts, to an extent, benefits under an annuity contract due the annuitant.[7]

---

1. "Unless a party in interest objects, the property claimed as exempt ... is exempt." 11 U.S.C. § 522(*l*).

2. The trust fund is an instrumentality of the State of Alabama. The trust fund is designed to assist payment of tuition costs by allowing parents of minor children to purchase in advance prepaid tuition contracts. *See Ala.Code* § 16–33C–1 (1975) which describes in detail the legislative intent of the act. The purchase price of the contracts is determined actuarially. Payments received from purchasers become public funds which the state invests to generate assets to fund the contracts. *See Ala.Code* § 16–33C–6(c) and (d) (1975).

3. The debtor paid a total of $10,226.00 for the two contracts. Cancellation fees will not exceed $150.00 per contract.

4. *Ala.Code* §§ 16–33C–1 et seq. (1975), which established the Alabama prepaid tuition trust fund, does not contain a property exemption provision. The unused portion of the $3,000.00 personal property exemption under *Ala.Code* § 6–10–6 (1975) is available to the debtor but is not sufficient to exempt the debtor's entire interest in the contracts.

5. The language is clear that the property conveyed into the trust cannot be reached by the creditors of the beneficiary of the trust: the section prohibits the trust property from being "seized or taken in any manner for the debt of such child ..." *Ala.Code* § 19–3–1–(a) (1975).

6. "If the language of a statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect." *McGuire*, 612 So.2d at 423.

7. Chapter 14 of the Alabama Code applies to insurance contracts.

However, for the following reasons, the court concludes that the instant tuition contracts are not annuity contracts.

First, the parties did not intend to create annuity contracts but a trust fund. The language of both the statute and the contracts supports this conclusion.[8] "To qualify for the exemption, the parties ... must have intended to create an annuity contract." *Guardian Life Ins. Co. v. Solomon (In re Solomon)*, 95 F.3d 1076 (11th Cir.1996) (construing Florida annuity exemption statute).

Second, tuition payments to a college from the trust fund vary with the cost and times of registration unlike the "fixed, periodic payments, either for life or for a term of years" characteristic of an "annuity." *See Black's Law Dictionary* 90 (6th ed.1990).[9]

Finally, unlike the purchaser of an annuity contract, the purchaser of a tuition contract does not: surrender all right to the money paid for the contract. *See* 4 Am.Jur.2d *Annuities* § 2 (1995).[10]

### Conclusion

The court concludes that under 11 U.S.C. § 541 the debtor's right to cancel the prepaid tuition contracts and obtain a refund is property of the bankruptcy estate which is not exemptive under either of the sections discussed above.[11]

---

8. *See Ala.Code* § 16–33C–1 (1975): "It is therefore the legislative intent of this chapter to establish an educational trust fund as an agency and instrumentality of the State of Alabama ..." The "Disclosure Statement and Program Description of the Wallace–Folsom Prepaid College Tuition Trust Fund" and "MasterPACT" form part of the tuition contracts.

9. Chapter 14 of the Alabama Code does not define the terms "annuity contract" or "annuity."

10. Annuity contracts create the relation of debtor and creditor—not a trust. 4 Am.Jur.2d *Annuities* § 4 (1995).

11. Section 541(a) makes "all legal or equitable interests of the debtor in property as of the commencement of the case" property of the estate. "It would be hard to imagine language that would be more encompassing." 5 Lawrence P. King, *Collier on Bankruptcy* ¶ 541.01, at 541–7 (15th ed.1996). The debtor concedes that the contracts are estate property by claiming the property as exempt: only estate property is subject to exemption under 11 U.S.C. § 522(b).