**In re Edwin M. BRUCE, Debtor.**

**Bankruptcy No. 98–3863–9P1.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Aug. 26, 1998.

Louis X. Amato, Naples, FL, for Debtor.

Richard Treiser, Naples, FL, Special Counsel for Debtor.

Jeffrey W. Leasure, Fort Myers, FL, for Movant.

## ORDER ON OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS BY FIFTH THIRD BANK OF FLORIDA (DOC. NO. 24)

ALEXANDER L. PASKAY, Chief Judge.

With the proliferation of state operated lotteries, it is not surprising that from time to time, consumer debtors learn, after they file their Petitions for Relief under the Bankruptcy Code, that they hit the jackpot, by having purchased the winning ticket prior to the commencement of the bankruptcy case. It is equally not surprising that creditors and the trustees are anxious to get their share of the winnings and these attempts to do so are forcefully resisted by the debtor. The controversy over lottery winnings is usually presented in this State in the form of a challenge of the debtor's right to claim the winnings as exempt based on Florida Statute 222.14 which exempts "the proceeds of annuity contracts issued to citizens or residents of this state, upon whatever form ..." Fla. Stat. 222.14. Since the winnings are not paid in one lump sum, but rather in annual installments, the winnings are claimed to be proceeds of an annuity. Based on this contention this Court is called upon to consider the true nature of the installment payments the Debtor is receiving as a result of holding a winning ticket in the Florida Lotto.

The facts relevant to the issue under consideration are without dispute and as they appear from the record are as follows:

Prior to the commencement of this case, Edwin R. Bruce (Debtor) purchased several lottery tickets in the weekly lottery run by the State of Florida. Subsequently, but also

prepetition, the Debtor was informed that he was holding the winning ticket, entitling him to receive annual installment payments of $78,500.00 for twenty years.

Under the established policy of the Department of Lottery of the State of Florida, the lottery fund is established from the sale of the lottery tickets. The monies collected from the sale of tickets are forwarded to the State Board of Administration which, in turn, invests the money in zero coupon bonds. The Board of Administration receives the funds annually from the redemption of the zero coupon bonds. It is without dispute that all payments to the winners are paid in this fashion. The State Board of Administration does not purchase annuity contracts and use the proceeds to pay lottery winners.

On March 10, 1998, the Debtor filed his Petition for Relief under Chapter 11 of the Bankruptcy Code. On Schedule C filed with the Petition, the Debtor claimed his lottery winnings exempt pursuant to Fla. Stat. § 222.14. The Fifth Third Bank of Florida (the "Bank"), mindful of the holding of the Supreme Court in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), timely challenged the Debtor's claim of exemption. It should be noted that this is a Chapter 11 case and the exemption claim of an individual debtor is only relevant in the context of the confirmation process. This is so because one of the pre-conditions for confirmation of any plan of reorganization is that under the plan, all creditors whose rights are impaired will receive under the proposed plan not less than what they would receive in a Chapter 7 case. 11 U.S.C. § 1129(a)(7)(A)(ii).

It is the Debtor's contention that based on the clear unambiguous language of the Statute, the installment payments to be received form the State Board of Administration during the next twenty years are annuity payments, exempt under Florida Statute 222.14 which provides,

> ... [T]he proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor ... of any creditor of the person who is the beneficiary of such

annuity contract, unless the ... annuity contract was effected for the benefit of such creditor.

Based on this language, some courts have concluded that all installment payments in settlement of a claim of the debtor are deemed to be within the protection provided by Florida Statute 222.14. See *In re Dixson*, 153 B.R. 594 (Bankr.M.D.Fla.1993), reversed in part, vacated in part, 116 F.3d 491 (11th Cir.1997) (Table No. 96–2391). The Bankruptcy Court in *Dixson* relied on *In re McCollam*, 612 So.2d 572 (Fla.1993), which did not involve a lottery winning but the settlement of a wrongful death action. In *McCollam, supra.*, the debtor was specifically named as the beneficiary of an·annuity contract established pursuant to the settlement.

In the case of *In re Pizzi*, 153 B.R. 357 (Bankr.S.D.Fla.1993), the debtor was the winner of the Connecticut lottery and, just like the Debtor in the present instance, received the winnings in annual installments. The exemption claim of the debtor was rejected by the Bankruptcy Court, which concluded that the annuity contract named the Sate of Connecticut as the policy owner and beneficiary of the annuity. Since the State of Connecticut cannot be the citizen or resident of Florida, the annuity contract and its proceeds were held to be nonexempt. The Court noted the *McCollam* decision of the Supreme Court of Florida, but distinguished *McCollam* because in *McCollam* the Debtor was named the beneficiary of an actual annuity contract.

In *In re Conner*, 172 B.R. 119 (Bankr. M.D.Fla.1994), the same court which allowed the exemption of the income stream to a lottery winner as payment under an annuity contract, rejected the exemption claim because the parties to the agreement did not intend for the settlement agreement to be an annuity. The Court agreed with the *Pizzi* Court, which held that there must be an actual annuity contract before the payments may be exempt pursuant to Florida Statute 222.14.

The Eleventh Circuit Court of Appeals had an occasion to revisit the issue in *In re*

*Solomon,* 95 F.3d 1076 (11th Cir.1996), stating that *McCollam* required the existence of an actual annuity contract before a series of payments may be exempt under Florida Statute 222.14. According to *Solomon,* the mere fact that the payoff, which the debtor was to receive under a pre-petition settlement agreement pursuant to which the insurer made a periodic series of payments was not sufficient to transform the settlement agreement into an annuity contract.

Based on the holdings of *McCollam, supra* and *Solomon, supra,* it is evident that the periodic payments that the Debtor is to receive do not fall within the exemption provided for by Fla. Stat. 222.14. Both *McCollam* and *Solomon* require an actual annuity contract before the periodic payments fall within the exemption. In the present instance, the evidence leaves no doubt that no annuity contract was ever purchased by the State naming the Debtor as the owner or the beneficiary of the annuity contract. As noted earlier, the funds used to pay off the holders of winning tickets are paid by the Player Accounting Services from funds obtained by the Lottery Administration through cashing in the zero coupons obtained from the bonds purchased by the Administration with funds generated by the ticket sales.

For these reasons, this Court is satisfied that the Debtor's right to receive the periodic payments from the Lottery Administration are not exempt. The installment payments are part of the Debtor's estate subject to administration and must be taken into consideration when the Debtor's Plan is presented for confirmation. In the event the Debtor is unable to obtain confirmation and the Chapter 11 case is converted to a Chapter 7 case, the installment payments representing the award based on the winning ticket purchased by the Debtor shall be subject to administration by the Trustee. To the extent the Debtor already received post-petition payments from the Lottery Administration the same may be subject to a turnover proceeding by the Trustee.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Debtor's claim of exemptions filed by the Bank be, and the same is hereby sustained. The Debtor's claim of exemption of the lottery proceeds due to the Debtor by the State of Florida is hereby disallowed.