**In re Robin BELUE and Mary Ellen Belue, Debtors.**

**Bankruptcy No. 98–10588–BKC–RAM.**

United States Bankruptcy Court,
S.D. Florida.

Aug. 31, 1999.

James Schwitalla, Miami, FL, for debtors.

Michael R. Bakst, West Palm Beach, FL, for trustee.

## MEMORANDUM OPINION AND OR-DER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTIONS

ROBERT A. MARK, Bankruptcy Judge.

The Chapter 7 Debtor, Robin Belue (the "Debtor"), is the beneficiary under an annuity contract that was obtained to fund the payments owed to him under a structured settlement agreement. The Debtor scheduled the annuity payments as exempt and the Trustee objected. For the reasons discussed below, the Court finds that the payments received pursuant to the annuity contract are exempt. Therefore, the Trustee's objection shall be overruled.

### FACTUAL BACKGROUND

On June 29, 1982, the Debtor's former wife, Carolyn O. Belue, was killed in an accident in Hamden, Connecticut. On November 9, 1983, the Debtor entered into a settlement agreement and release (the "Settlement") with Aetna Casualty and Surety Company ("Aetna"). The Settlement required Aetna to pay $20,000 to the Debtor upon execution of the agreement, and $20,000 per year for twenty-five years commencing October 1, 1984, transferable upon his death to his daughter Catherine Belue. Aetna also agreed to pay an additional $10,000 per year for ten years to the Debtor or his successors or assigns commencing October 1, 1984.

On November 17, 1983, Aetna purchased an annuity from the Manufacturers Life Insurance Company (the "Annuity") to fund its payment obligations under the Settlement. Specifically, the Annuity provides for annual payments of $30,000 beginning on October 1, 1984, for ten years and $20,000 per year for fifteen years, beginning October 1, 1994.

The Debtor is named in the Annuity as the "Payee for Annuity Payments." In the Application for Deferred Annuity signed by Aetna, the Debtor is listed as "Annuitant". Aetna is named as the "Owner" of the Annuity. As Owner, unless the Debtor dies, Aetna can change the payee/benefi-ciary of the Annuity without the Debtor's consent. If Aetna chooses to change the payee or beneficiary of the Annuity it would still be liable to the Debtor under the Settlement. Aetna has not exercised its right to change the payee under the Annuity and for fifteen years, the Debtor has been receiving his Annuity payments.

On January 27, 1998 the Debtor filed a joint voluntary petition with his wife under Chapter 7 of the Bankruptcy Code. The Debtor listed the Annuity as exempt under Fla.Stat. § 222.14. On May 15, 1998 the Trustee filed her Objection to Amended Exemptions and Application for Turnover from Debtor and Aetna Casualty and Surety Company and Supplemental Memorandum of Law. The Court conducted an evidentiary hearing on the objection on May 21, 1998.

### DISCUSSION

Section 541(a)(1) of the Bankruptcy Code defines property of the estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." Section 522 of the Code allows an individual debtor to exempt certain property. Since Florida has opted out of the federal exemptions in § 522(d), Florida law controls a debtor's exemption rights. Fla.Stat. § 222.20. The issue before the Court is whether the annuity contract exemption provided by Florida law applies here where the Debtor is named only as the payee/beneficiary, but is not the owner of the policy.

Fla.Stat. § 222.14 is controlling. In relevant part, section 222.14 provides as follows:

> The proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any creditor . . . of the person who is the beneficiary of such annuity contract, unless the . . . annuity contract was effected for the benefit of such creditor.

The Trustee contends that the Debtor is not entitled to the exemption because he is not a party to the annuity contract. Since Aetna, as the owner of the policy, has the right to change the payee/beneficiary designation of the policy without the consent of the Debtor, the Trustee claims that the Debtor has no enforceable rights under the Annuity.

The Debtor argues that the Florida exemptions regarding annuity contracts should be construed liberally. He contends that the parties intended for the Annuity to be for the benefit of the Debtor and that he has remained the beneficiary since the Annuity was issued. Since he was still the beneficiary under the Annuity when the bankruptcy petition was filed, he claims entitlement to the exemption in § 222.14.

The Annuity was purchased by Aetna to fund its payment obligations to the Debtor under the Settlement. The Debtor is the named payee and intended beneficiary under the Annuity. Even though he is a revocable payee/annuitant and Aetna remains the owner of the policy, the Court finds that the payments to the Debtor are exempt.

## A. Florida's Annuity Exemption Applies to Annuities Obtained to Fund a Structured Litigation Settlement if the Debtor is Named in the Annuity Contract

■ The scope of the annuity exemption under Florida law has been addressed by the Florida Supreme Court. *In re McCollam*, 612 So.2d 572 (Fla.1993). *McCollam* involved a tragic automobile accident and a damage settlement stemming from a wrongful death action. Under the terms of the agreement, Travelers Insurance Company purchased an annuity contract. The debtor was listed as the beneficiary and payee under the contract. Travelers' debt obligation to the debtor was liquidated and discharged by the amount of each successive annuity payment.

The bankruptcy and district court concluded that the contract was an annuity contract and held that the proceeds were exempt assets in the debtor beneficiary's bankruptcy case. On further appeal, the 11th Circuit deemed it appropriate for the Florida Supreme Court to determine the scope of the annuity exemption in Fla.Stat. § 222.14. It certified the following question to the Florida Supreme Court:

> Whether, as a matter of law, an annuity contract which is established in lieu of a creditor paying a debtor a lump sum presently owed is exempt from creditor claims in bankruptcy under Fla.Stat. § 222.14.

*In re McCollam*, 955 F.2d 678, 681 (11th Cir.1992).

In a four to three decision, the Florida Supreme Court employed the plain meaning doctrine and concluded that, on its face, the statute applies to all annuity contracts. The Court rejected the dissent's resort to legislative history stating that "legislative history is irrelevant where the wording of a statute is clear." Utilizing a broad definition of "annuity," the Court concluded that the contract at issue was within the statutory exemption. 612 So.2d at 574. Based upon the Florida Supreme Court's decision, the Eleventh Circuit affirmed the district court's holding that the annuity was exempt. *In re McCollam*, 986 F.2d 436 (11th Cir.1993).

The Florida Supreme Court's broad interpretation of the Florida annuity exemption in § 222.14 did not result in blanket approval of exemption claims for all debtors who were receiving payments funded through annuities at the time they filed bankruptcy petitions. In fact, shortly after *McCollam* was decided, this Court had to determine whether a debtor could exempt lottery winnings funded through an annuity. *In re Pizzi*, 153 B.R. 357 (Bankr. S.D.Fla.1993).

In *Pizzi* the debtor won $3,202,624.20 in the Connecticut State Lottery. The State purchased an annuity from Metropolitan Life Insurance Company ("Met Life") to

fund its obligation. Under the terms of the annuity contract the State of Connecticut Division of Special Revenue was named as the "owner" and "beneficiary" of the contract. The debtor filed a Chapter 7 petition on March 24, 1992, and scheduled as exempt the twelve remaining annual payments of $128,105.17 owed by the State of Connecticut to complete the 20 year payout of her prize. Pizzi claimed the income was exempt under the annuity exemption in Fla.Stat. § 222.14. 153 B.R. at 358–59.

The Court disallowed the claimed exemption because the debtor was not a beneficiary under the annuity contract between Met Life and the State of Connecticut. 153 B.R. at 360. Rather, the annuity contract named the State as the owner, the beneficiary and the contingent beneficiary under the contract. Whether or not the debtor was alive, the State would receive the yearly payments due under the contract. The debtor was never the beneficiary of the proceeds under the annuity. The debtor had no contract with Met Life and had no right to assert any claim against Met Life under the annuity contract. The Debtor received her money directly from the State and was entitled to those payments regardless of whether the State received annuity payments from Met Life. 153 B.R. at 360.

The Court also rejected Pizzi's alternative argument that the payments she received from the State should be treated as annuity payments since they were fixed payments over a set number of years. While acknowledging that the Florida Supreme Court gave a broad reading to "annuity contracts" in *McCollam*, this Court refused to further extend the definitional scope of annuity contracts to include payment streams not made under an actual annuity contract. 153 B.R. at 362. The payments that the debtor received were prize winnings, not annuity payments. In sum, this Court held in *Pizzi* that a stream of payments must be received as the bene-

ficiary under an actual annuity contract to qualify for the Florida exemption.

Three years after this Court decided *Pizzi*, the Eleventh Circuit revisited the scope of the annuity exemption in connection with structured settlements. *In re Solomon*, 95 F.3d 1076 (11th Cir.1996). In *Solomon*, the debtor settled a lawsuit against Union Mutual Life Insurance Company in December, 1985. The settlement required Union Mutual to purchase a commercial annuity contract as security for the payments under the settlement agreement. Under the annuity contract, Union Mutual was named as the payee. The debtor was not a party to the annuity contract. In December, 1993, the debtor filed a chapter 7 bankruptcy and listed the annuity as exempt pursuant to Fla.Stat. § 222.14.

The bankruptcy court held that the debtor's settlement was not exempt. *In re Solomon*, 166 B.R. 998 (Bankr.S.D.Fla. 1994). The district court reversed, believing that the Florida Supreme Court's definition of annuity in *McCollam* was broad enough to encompass all of the payments under the settlement agreement other than attorney's fees. *Solomon v. Guardian Life Ins. Co. of America*, 186 B.R. 535 (S.D.Fla.1995). On further appeal, the Eleventh Circuit held that the debtor's settlement agreement with Union Mutual was not an annuity contract protected by the Florida exemption. 95 F.3d at 1078.

The Eleventh Circuit reasoned that the statute does not function to shield all transactions which are made to resemble annuity contracts. Instead, the Court interpreted *McCollam* "to require the existence of an actual annuity *contract* before a series of payments may be exempt under § 222.14." *Id.*

The Trustee relies heavily on *Pizzi* and *Solomon* to support her objection in this case. However, unlike the debtors in those cases who were not named in the annuity contracts, Debtor Belue is named as the payee and beneficiary of the Annuity in this case. *McCollam* expressly al-

lows the exemption to be claimed by Florida residents who are receiving payments under a litigation settlement if the debtor is named in an annuity contract. Since those are precisely the facts presented here, it is *McCollam*, not *Solomon* which controls the Court's decision and defeats the Trustee's objection. The Debtor, Belue, is named in and is therefore a party to the Annuity contract. As the intended and named beneficiary under the Annuity, the Debtor is entitled to claim the proceeds as exempt.

## B. Aetna's Legal Right to Remove the Debtor as Beneficiary Does Not Defeat the Claim of Exemption

The Florida exemption applies to "the proceeds of annuity contracts *issued to* citizens or residents of the state." Fla. Stat. § 222.14 (emphasis added). The Trustee argues that the Annuity in this case was "issued" to Aetna, the Owner, not to the Debtor, as Payee/Beneficiary. The Trustee's argument is supported by language in this Court's *Pizzi* decision discussed earlier. In *Pizzi*, as part of its analysis, the Court interpreted the "issued to" statutory language narrowly focusing on who the contract was issued to rather than who received the proceeds · of the · annuity. 153 B.R. at 360 (rejecting argument that the statute merely requires that the "proceeds" of annuity contracts be issued to Florida residents and stating instead that "proceeds are not issued, contracts are issued").

■ The Court's interpretation of "issued to" in *Pizzi* was not critical to the decision in that case. Rather, Ms. Pizzi's exemption claim was disallowed because, unlike the Debtor here, Ms. Pizzi was not the named beneficiary under the annuity contract. Moreover, upon further review, the Court finds that its interpretation of the "issued to" statutory language in *Pizzi* was incorrect. The Court now concludes that the determinative issue is not who the annuity is issued to, but rather who receives the proceeds as beneficiary. In

short, the fact that the Annuity here was issued to Aetna does not defeat the Debtor's exemption claim since he was, and still is, the named beneficiary and recipient of the proceeds paid under the Annuity.

■ The final issue is whether the Debtor loses his entitlement to the exemption because Aetna has the right to designate a different beneficiary. The Debtor can enforce his rights under the original Settlement; but, as discussed earlier, Aetna has the contractual right to eliminate the Debtor as a beneficiary under the Annuity. Bankruptcy Judge Proctor ably addressed this same issue and concluded that the exemption is not lost if the debtor is the beneficiary, but is not the owner of the annuity contract. *In re Bennett*, 217 B.R. 654 (Bankr.M.D.Fla.1998). This Court agrees with and adopts Judge Proctor's analysis and conclusion.

*Bennett* involved a debtor who was a victim of an industrial accident at his workplace in Warwick, Rhode Island. As a result of his injuries, he sued his employers and their insurers. Prior to trial, the parties reached a settlement agreement that, among other things, permitted the defendants to fund the liability and the periodic payments through the purchase of an annuity policy. The agreement further provided that the defendants or the assignee would be the sole owner of the annuity policy and shall have all rights of ownership.

An annuity contract was purchased which named the defendant's assignee as owner, the debtor as payee, and his estate as the beneficiary. Like the Annuity here, the annuity contract in *Bennett* provided that the debtor's status as payee was revocable with the owner having the right to designate an alternative payee. The payments began and the debtor subsequently filed a voluntary petition under Chapter 13 of the Bankruptcy Code. The Debtor claimed the annuity proceeds exempt under Fla.Stat. § 222.14. The trustee objected.

The court in *Bennett* held that debtor's "revocable payee status does not prevent him from claiming the annuity proceeds as exempt under § 222.14." 217 B.R. at 658. The court noted that the debtor was "not merely receiving a stream of payments pursuant to a settlement agreement." Rather, the debtor enjoyed a "payee status" that entitled him "to the annuity proceeds under the terms of the contract." 217 B.R. at 658 (citing *In re Conner*, 172 B.R. 119, 121 (Bankr.M.D.Fla.1994)). Finally, in a discussion equally applicable here, the court stated the following:

> This Court will not resort to conjecture regarding Debtor's future payee status for purposes of determining whether the annuity proceeds are exempt. Rather, the Court examines the facts presently before it, and those facts establish that Debtor is currently the payee under the terms of the annuity contract. Therefore, the annuity proceeds are exempt from the property of the bankruptcy estate pursuant to § 222.14.

*Bennett,* 217 B.R. at 658.

The facts here are very similar to the facts in *Bennett* and this Court agrees with Judge Proctor's reasoning. Debtor Belue is the named "payee" in the Annuity. The "Owner" retains the independent right to revoke and reassign the proceeds from the Annuity as long as the Debtor remains alive. However, at the time of filing his joint bankruptcy petition, the Debtor was still listed as the "Payee" on the Annuity and the "Owner" had not taken any action to change that status. Therefore, the Debtor is entitled to claim the proceeds from the Annuity as exempt under § 222.14.

### Conclusion

Section 222.14 of the Florida Statutes allows debtors to exempt the payments received under annuity contracts. The Florida Supreme Court, the Eleventh Circuit, and various bankruptcy courts have delineated the parameters of the Florida annuity contract exemption as applied to structured settlements paid through annuity contracts. The Debtor here squarely fits within these parameters. The Debtor is the named payee/annuitant of an annuity contract that was purchased to fund payments owed under a structured settlement agreement. That is all that is necessary to entitle the Debtor to claim his interest in the annuity payments as exempt under section 222.14.

In accordance with this Opinion, it is—

ORDERED as follows:

1. The Trustee's Objection to Amended Exemptions and Application for Turnover from Debtor and Aetna Casualty and Surety Company is overruled.

2. The Debtor's interest in the payments received under the annuity contract is exempt pursuant to Fla.Stat. § 222.14.