**In re Ray W. HOLT, Debtor.**

**No. 3:08–bk–4288–PMG.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Jan. 14, 2010.

C. Kenneth Weaver, The Weaver Law Group, P.A., Jacksonville, FL, for Debtor.

Meghan R. Applegate, Raymond R. Magley, Smith Hulsey & Busey, Jacksonville, FL, for Trustee.

Robert Altman, Palatka, FL, Trustee.

## ORDER ON MOTION FOR REPLEVIN OF ANNUITY FROM CHAPTER 7 TRUSTEE

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for a final evidentiary hearing on a Motion for Replevin of Annuity from Chapter 7 Trustee. The Motion was filed by the Debtor, Ray W. Holt.

The issue in this case is whether certain monthly amounts payable to the Debtor pursuant to a Promissory Note constitute the proceeds of an annuity contract within the meaning of § 222.14 of the Florida Statutes.

The Court finds that the Promissory Note is not an annuity contract, and that the proceeds of the Note are not exempt from property of the Debtor's Chapter 7 estate pursuant to Fla. Stat. § 222.14.

### Background

The Debtor is a college graduate with a degree in business administration. He worked in the banking industry for approximately twenty-six years, including a term as senior vice president at First Union National Bank. During his banking career, the Debtor worked exclusively in the commercial loan and credit approval division of the industry. (Transcript, p. 19).

In September of 2000, the Debtor invested in a company known as Creative Media Designs, Inc. (Creative Media). (Transcript, p. 10). In connection with his investment, it appears that the Debtor acquired stock in the corporation, and was also actively involved in the company's daily operations. (Transcript, p. 11).

In January of 2006, the Debtor sold his stock in Creative Media to an individual identified as Chad Benedict (Benedict). According to the Debtor, he negotiated the sale price with Benedict, and drafted a Promissory Note to reflect the terms of the stock sale. (Transcript, pp. 14–15). The Promissory Note includes the following provisions:

1. The Debtor agreed to sell, transfer, and convey his 5,000 shares of stock in Creative Media to Benedict for the sum of $270,000.00. The stock represented 50% of the outstanding shares of the company.

2. Benedict agreed to pay $20,000.00 of the purchase price upon execution of the agreement, with the balance of the purchase price to be paid in minimum payments of $2,000.00 per month beginning on April 15, 2006.

3. In the event that Benedict's earned compensation from Creative Media exceeded the sum of $105,000.00 per year, the monthly payments to the Debtor would be increased to the extent of the excess.

4. The monthly payments would survive the death of either Benedict or the Debtor, and would continue until the total amount due under the Note was paid in full.

5. The amount due under the Note would be immediately due and payable in the event that Creative Media discontinued its operations, or in the event that the company was sold.

According to the Debtor, the sale was structured as an installment arrangement for two reasons. First, the purchase price was to be paid in monthly payments to provide the Debtor with periodic income for a number of years. Second, the purchase price was structured as an installment arrangement because Benedict was unable to pay the full purchase price as a lump sum amount. Consequently, the parties agreed to the monthly payment schedule so that Benedict would be able to pay the Note from the company's ongoing operations. (Transcript, pp. 12, 14).

The Debtor filed a petition under Chapter 7 of the Bankruptcy Code on July 22, 2008. The Debtor did not list the Promissory Note as an asset on his Schedule of Personal Property filed with the petition. Specifically, the Debtor did not list the Note as an annuity, as an account receivable, or as a "liquidated debt owing debtor" on his Schedule of Personal Property filed in the case. Further, the Debtor did not claim the Note as exempt on his Schedule of Property Claimed as Exempt filed with the petition.

On his Schedule of Current Income, the Debtor indicated that he received the sum of $2,000.00 per month as "regular income from operation of business or profession or firm."

According to the Chapter 7 Trustee, the Debtor asserted at his § 341 meeting of creditors that the monthly payments received under the Promissory Note were exempt as future income. The Debtor did not claim at that time that the payments constituted the proceeds of an annuity. (Transcript, p. 17).

On August 20, 2008, the Chapter 7 Trustee filed a Motion to Compel Debtor to Turnover Property to the Trustee. (Doc. 8). In the Motion, the Trustee asserted that all funds received after July 22, 2008, pursuant to the Promissory Note were property of the bankruptcy estate, and therefore requested that the Court order the turnover of such funds to the Trustee.

The Debtor subsequently filed the Motion for Replevin of Annuity from Chapter 7 Trustee that is currently before the Court. (Doc. 30). In the Motion for Replevin, the Debtor contends that the Promissory Note is an annuity within the meaning of § 222.14 of the Florida Statutes, and that the proceeds of the annuity are therefore exempt from property of his Chapter 7 estate.

**Discussion**

The issue in this case is whether the Promissory Note constitutes an annuity contract within the meaning of § 222.14

of the Florida Statutes. Section 222.14 provides:

**222.14. Exemption of cash surrender value of life insurance policies and annuity contracts from legal process**

The cash surrender values of life insurance policies issued upon the lives of citizens or residents of the state and the proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any creditor of the person whose life is so insured or of any creditor of the person who is the beneficiary of such annuity contract, unless the insurance policy or annuity contract was effected for the benefit of such creditor.

Fla. Stat. 222.14. Generally, an annuity contract is a "right to receive fixed, periodic payments, either for life or for a term of years." *In re McCollam*, 612 So.2d 572, 574 (Fla.1993)(quoting *Black's Law Dictionary* 90 (6th ed.1990)).

If the Promissory Note in this case constitutes an annuity contract within the meaning of § 222.14, the Debtor may exempt the proceeds of the Note from his bankruptcy estate. *In re Turner*, 332 B.R. 461, 463 (Bankr.N.D.Fla.2005).

The Court finds that the Promissory Note is not an annuity contract. In finding that the Note is not an annuity contract, the Court relies primarily on the decision of the Eleventh Circuit Court of Appeals in *In re Solomon*, 95 F.3d 1076 (11th Cir.1996).

In *Solomon*, an individual had settled a lawsuit against an insurance company. Pursuant to the settlement agreement, the insurance company was required to make monthly payments to the individual for a period of ten years. *In re Solomon*, 95 F.3d at 1077. The individual subsequently filed a chapter 7 petition and claimed the settlement agreement as exempt in his bankruptcy case pursuant to § 222.14 of the Florida Statutes. A creditor objected to the claimed exemption, and the issue presented to the Eleventh Circuit Court of Appeals was whether the debtor's settlement agreement with the insurance company constituted an annuity contract within the meaning of § 222.14. *Id.* at 1078.

■ The Eleventh Circuit concluded that the settlement agreement was not an annuity contract. In reaching this conclusion, the Court first recognized that the statute had been broadly interpreted to include all annuity contracts. *Id.* at 1078(quoting *In re McCollam*, 986 F.2d 436, 437–38 (11th Cir.1993)). For an agreement to qualify for the statutory exemption, however, the Court further found that the parties to the agreement must have intended to create an annuity contract. *In re Solomon*, 95 F.3d at 1079.

[T]he statute does not shield all debts or "accounts receivable" structured to resemble annuities from a debtor's bankruptcy estate. We read *McCollam* to require the existence of an actual annuity *contract* before a series of payments may be exempt under section 222.14. *Accord In re Conner*, 172 B.R. 119, 121 (Bankr.M.D.Fla.1994)(stating that "[i]f all that is required to establish an annuity contract is a stream of payments over time, all installment contracts would qualify as an annuity and that is clearly not what the *McCollam* decision requires").

To qualify for the exemption, the parties to the agreement must have intended to create an annuity contract. *See Conner*, 172 B.R. at 121; *In re Dillon*, 166 B.R. 766, 769 (Bankr.S.D.Fla.1994).

*In re Solomon*, 95 F.3d at 1078–79(Emphasis in original). The Eleventh Circuit Court of Appeals found that the settlement

agreement at issue in *Solomon* involved only the resolution of the debtor's claims against the insurance company, and that the language of the agreement established that the parties did not intend to create an annuity contract. *Id.* at 1079.

In a subsequent case, the Bankruptcy Court applied the Eleventh Circuit's reasoning in *Solomon* to determine that a Chapter 7 debtor was not entitled to exempt certain settlement proceeds from her bankruptcy estate pursuant to § 222.14 of the Florida Statutes. *In re Turner*, 332 B.R. 461 (Bankr.N.D.Fla.2005). According to the Bankruptcy Court, "[i]f the language of the Agreement shows an intent to create an annuity contract, then the Agreement can constitute an annuity contract." *In re Turner*, 332 B.R. at 464.

In *Turner*, however, the Court examined the settlement agreement that had been entered by the parties, and found that the agreement was not an annuity contract within the meaning of the statute. The agreement provided for the debtor to release her claims against an insurance company in exchange for monthly payments and a lump sum amount. *Id.* at 462. The settlement document was entitled "release" rather than "annuity," did not refer to the debtor as the agreement's beneficiary, and did not specify that the monthly amounts were to be paid under an annuity contract. *Id.* at 464. The Court concluded, therefore, that the document did not constitute an annuity contract "because the language of the Agreement shows no intent to create an annuity contract." *Id.*

 Similarly, in the case before the Court, the Debtor acknowledged at trial that he created the Promissory Note in connection with the sale to Benedict of his stock interest in Creative Media. (Transcript, pp. 11–12). The parties' agreement is entitled "Promissory Note," and does not contain any reference to an annuity

contract. The Note expressly provides that it is based on the sale of the Debtor's stock to Benedict, and the text of the Note refers to the Debtor's "sale of 50% of the stock ownership" to Benedict. The indebtedness evidenced by the Note does not terminate at the death of the Debtor but survives the death of either party, and Benedict's obligation under the Note continues until the entire amount of the debt is paid in full. The Debtor is not identified as the beneficiary of an annuity contract.

Under these circumstances, it is clear that the document is simply an agreement for the sale of the Debtor's stock, and that the monthly payments required under the agreement represent the purchase price for the stock. By signing the Promissory Note, the parties intended only to enter into an installment contract for the purchase and sale of the Debtor's stock in Creative Media. The Note is concerned exclusively with the purchase and sale transaction, and the language of the Promissory Note does not show that the parties intended to create an annuity contract. *In re Solomon*, 95 F.3d at 1079; *In re Turner*, 332 B.R. at 464. The Court finds that parties did not intend to create an annuity contract when they executed the Promissory Note.

### Conclusion

The issue in this case is whether a Promissory Note made payable to the Debtor is an annuity contract within the meaning of § 222.14 of the Florida Statutes. The Court finds that the Promissory Note is not an annuity contract, and that the proceeds of the Note are not exempt from property of the Debtor's Chapter 7 estate pursuant to Fla. Stat. 222.14.

Accordingly:

**IT IS ORDERED** that the Motion for Replevin of Annuity from Chapter 7 Trus-

tee filed by the Debtor, Ray W. Holt, is denied.